[Civ. No. 9703. First Appellate District, Division Two.—January 2, 1935.]

MARY E. HARRISON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Edmund J. Holl and Ivan N. Maroevich for Petitioner.

Harold E. Haven for Respondents.

NOURSE, P. J.—This is an original proceeding in *mandamus* to require the respondent court to assume jurisdiction of and to set for trial a cause of action for damages for fraud and deceit.

The petitioner herein, as plaintiff below, commenced an action in the superior court for $6,000 damages alleged

to have been suffered through the purchase of corporate stock. The defendants Abry, Kebler & Company and their agent Krause were stockbrokers who conducted the sale. The indemnity company was sued as surety on the brokers' bond. Upon their motions the respondent court transferred the cause to the municipal court upon the ground that the action involved a demand less than $2,000. The complaint alleged that the plaintiff had paid $600 for 6,000 shares of stock upon the false representations of the brokers "based upon certain confidential inside information exclusively had and obtained by said defendant, that said stock would be selling in the open market and upon the San Francisco Stock Exchange or the Curb Exchange at San Francisco, at a price of One Dollar, or more, per share; that the par value of said stock was to be increased, due solely to certain confidential inside information obtained and had exclusively by said defendant Abry, Kelber & Company; furthermore, that as soon as the aforesaid stock was listed on the aforesaid exchanges or exchange, that the said stock would, with certainty, sell in the open market and have a definite and certain value to plaintiff herein of at least One Dollar or more per share". It was then alleged that, by reason of these representations, the plaintiff had been damaged in the sum of $6,000, for which sum judgment was prayed.

 The jurisdiction of the municipal courts is limited to cases at law "in which the demand, exclusive of interest . . . amounts to two thousand dollars or less". (Sec. 89a, Code Civ. Proc.) The plaintiff justifies the demand for $6,000 on the theory that the measure of such damages is the difference between the actual value of the stock purchased and the value it would have had if the representations had been true. (*Spreckels* v. *Gorrill*, 152 Cal. 383 [92 Pac. 1011]; *Hines* v. *Brode*, 168 Cal. 507 [142 Pac. 729]; *Jackson* v. *Deauville Holding Co.*, 219 Cal. 498 [27 Pac. (2d) 643].) The respondent argues that the rule is not applicable because the price paid, and not the actual value of the stock, is pleaded. But the allegation that plaintiff was damaged in the sum of $6,000 is more than a conclusion of law and, if there is any doubt about the pleading, it might be amended. There is no indication that the claim of damages was not made in good faith and hence the allega-

tion is the "demand" which determines the jurisdiction within the code section. (7 Cal. Jur., p. 692.) The question before us in this proceeding is simply one of jurisdiction—we do not pass on the sufficiency of the complaint. That is a question which the superior court, having jurisdiction of the entire proceeding, may determine at the appropriate time without regard to what is said herein in regard to the complaint as it has been reviewed for the sole purpose of determining the question of jurisdiction.

■ *Mandamus* is the proper remedy because, if the order of transfer is an appealable order as respondents contend, appeal is nevertheless an inadequate remedy. (*Christ* v. *Superior Court*, 211 Cal. 593, 595 [296 Pac. 612]; *San Francisco Gas & Elec. Co.* v. *Superior Court*, 155 Cal. 30, 39 [99 Pac. 359, 17 Ann. Cas. 933]; *Hennessy* v. *Superior Court*, 194 Cal. 368, 374 [228 Pac. 862].)

Let a peremptory writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.