[Civ. No. 23738. Second Dist., Div. Three. Nov. 3, 1959.]

ERNA WIEDEMANN, Appellant, v. WEST COAST ELEC-
TRONICS COMPANY, Respondent.

Erna Wiedemann, in pro. per., for Appellant.

Harned Pettus Hoose, Wayne I. McClaskey and David V.
Kenyon for Respondent.

SHINN, P. J.—Action for damages against Belle Schwartz
Fox and West Coast Electronics Company. The latter's
demurrer to the amended complaint having been sustained
without leave to amend, judgment of dismissal was entered
and plaintiff appeals.

The amended complaint states the essentials of a
cause of action for trespass against West Coast. Stripped of

surplusage, redundancies and evidentiary matter, it alleges as follows: May 10, 1957, at the request of defendant Fox, employees of West Coast installed an electronic sound surveillance device in the apartment occupied by plaintiff and her husband, William Wiedemann, who was employed as a pastry chef by a Beverly Hills hotel at a salary of $85 per week; entry to the apartment was gained forcibly, unlawfully and without the consent of the Wiedemanns; through conversations overheard by means of the device agents of West Coast learned where Wiedemann was employed and transmitted this information to Mrs. Fox; actuated by malice against the Wiedemanns because of an attack upon her late father contained in an unpublished book written by plaintiff, defendant Fox wrongfully caused Wiedemann to be discharged from his job at the hotel; May 27, 1957, the day of her husband's discharge, plaintiff smashed the sound device and the following day it exploded; unable to obtain other employment as a pastry chef in California, Wiedemann went to Colorado, where he obtained part-time employment as a baker, contracted sleeping sickness and returned to Los Angeles where he died September 3, 1957. It is also alleged that the acts of the defendants have caused plaintiff "loss, suffering and damage." The complaint seeks recovery of $10,000 damages, representing one-half the wages Wiedemann would have earned at the hotel over a five-year period had he not been discharged from his job.

As we have said, the amended complaint alleges the substance of a cause of action for trespass. It is nevertheless contended by respondent that the demurrer was properly sustained and the action dismissed because the complaint is uncertain, ambiguous and unintelligible and because it does not comply with the statutory rule that the facts constituting the cause of action must be stated in ordinary and concise language. (Code Civ. Proc., § 426, subd. 2.) We are unable to agree with either contention.

Respondent demurred both on general and special grounds and although the court sustained the demurrer, the record does not disclose the ground or grounds of the ruling. ▮ It is settled that when a complaint is sufficient as against a general demurrer, it is error to sustain the demurrer without leave to amend because of defects in the form of pleading. (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062]; *Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753 [161 P.2d 717, 162 A.L.R. 747]; *Tiedje* v. *Aluminum*

*Taper Milling Co.,* 46 Cal.2d 450 [296 P.2d 554].) Furthermore, where the complaint sufficiently alleges the essentials of a cause of action, a failure to comply with the rule stated in section 426 does not compel a dismissal of the suit. (*M. G. Chamberlain & Co.* v. *Simpson,* 173 Cal.App.2d 263, 267 [343 P.2d 438].) In our opinion, it was error to deny plaintiff leave to file a second amended complaint.

There remains for consideration a question which is not discussed in the briefs. Plaintiff is suing for $10,000 as wages her husband would have earned if he had not lost his job due to the acts of respondent and Mrs. Fox. We do not doubt that plaintiff had a sufficient interest in Wiedemann's earnings to allow her to recover damages for their loss if it were to be found upon a trial that the trespass by West Coast was a proximate cause of the wrongful discharge of her husband. (Civ. Code, § 164.) But we cannot ignore the allegation that Wiedemann died less than four months after he was discharged by the hotel. At the rate of $85 per week, he would have earned approximately $1,000 between May 28th and September 3d, 1957, an amount within the original jurisdiction of the municipal court. (Code Civ. Proc., § 89.) Furthermore, although the complaint contains allegations of damage to the Wiedemann's apartment and of other "loss, suffering and damage," plaintiff has not prayed for their recovery in any specific amounts. However, she will have the opportunity to do so in her second amended complaint. If it should appear therefrom that plaintiff has not alleged damages in an amount within the jurisdiction of the superior court, the action may be transferred upon motion of respondent or upon the court's own motion to the appropriate municipal court. (Code Civ. Proc., § 396; *Roberts* v. *Western Pac. R. R. Co.,* 104 Cal.App.2d 816 [232 P.2d 560].)

There are obvious defects in the amended complaint as well as a wealth of redundant and irrelevant matter. We overlook the latter and have considered only the essentials of a cause of action. Plaintiff should be given an opportunity to seek legal advice for the drafting of a second amended complaint.

The judgment is reversed.

Vallée, J., concurred.