[Civ. No. 23831. Second Dist., Div. One. Jan. 12, 1960.]

ANTHONY R. SOUZA, Respondent, v. JAMES A. RICHARDSON et al., Appellants.

JOHN T. DENTONI, Appellant, v. ANTHONY R. SOUZA, Respondent.

94

Jorz & Sawtelle and Gary W. Sawtelle for Appellants.

James E. Delwiche, Griffith & Thornburgh, Cavalletto, Webster, Mullen & McCaughey and George D. McKaig for Respondent.

WOOD, P. J.—These two actions for damages were consolidated for trial. The first action was commenced by Anthony Souza against James and Charles Richardson for damages, to person and property, resulting from a collision of automobiles at an intersection of streets in Santa Barbara. In a jury trial in that action the verdict was for plaintiff Souza, against defendants Richardson, for $11,667.

The second action was commenced by John Dentoni, a guest in the Richardson automobile, against Anthony Souza for damages for personal injuries resulting from the collision. The verdict therein was in favor of Souza.

A judgment, in accordance with those verdicts, was entered. A motion, by the Richardsons and Dentoni, for a new trial was denied. They appeal from the judgment. (There was one judgment in the two actions.)

Appellants contend that the amount of damages awarded to Souza was excessive.

The collision occurred on June 11, 1957, about 4:30 p.m. Preceding the collision, plaintiff Souza was traveling north, and defendant James Richardson (the driver of Charles Richardson's automobile) was traveling east. The vehicles collided in the southeast quadrant of the intersection. Since the only question on appeal is whether the amount of damages was excessive, it is not necessary to state the details concerning the happening of the collision.

There was evidence that Souza sustained injuries, and received medical treatment, as follows: Two severe lacerations of the scalp—a laceration on the side of his head required eight stitches, and a laceration on the back of his head required nine stitches. Bruises and abrasions on his forehead, cheek, arms, and legs—his arms and legs were covered with bandages. A sprain of the lower back. An extensive wound on the lower back, and a large hematoma developed—an operation was performed in order to remove clotted blood. Sharp pain in the lower back, required sedation. He was in a hospital eight days. His injuries were painful. In the opinion of a physician (called as a witness by Souza) the back sprain ''possibly'' will cause discomfort during a period of eight or ten years.

Also there was evidence that after Souza left the hospital he was unable to work for four weeks, except that he could supervise his grocery store business.

It was stipulated that the amount of Souza's special damages was $1,867.08.

The question as to the amount of damages was one of fact for the determination of the jury. In *Sexton* v. *Key System Transit Lines,* 144 Cal.App.2d 719 [301 P.2d 612], it was said at page 722; '' [I]t is not the function of an appellate court to fix the award of damages, even within broad limits, and thus to impose its views upon the trier of the fact. Pain and suffering are not subject to precise measurement by any scale, and their translation into terms of money damages is peculiarly the function of the trier of the facts. [Citation.] Here the trial judge, on motion for new trial, had the opportunity to review the award. In these circumstances, 'an appellate court may interfere only in the event it appears . . ., as a matter of law, that the verdict was the result of passion or prejudice.' [Citation.] ''

Appellants argue further that certain testimony could reasonably have inflamed the minds of the jurors against appellants. The testimony so referred to is indicated by the

following two references to testimony. (1) While defendant James Richardson was testifying on direct examination, his attorney asked him if he had talked with anyone, other than the police and Dentoni, at the scene of the accident; and he replied that he had called his insurance adjuster from his automobile (apparently by two-way radio) and had made a report of the accident. (2) Two physicians, called as witnesses by Dentoni, testified that they thought Dentoni was a malingerer. The point of appellants' argument seems to be that the reference by Richardson to Richardson's insurance, and the reference by Dentoni's physicians to Dentoni as a malingerer, caused the jury to award a large amount of damages. It appears that the reference to insurance was made by one of the appellants, and that the reference to Dentoni as a malingerer was made by witnesses who were called by Dentoni. Appellants did not make a motion to strike the testimony regarding insurance, or make a motion for a mistrial, or request an instruction regarding the reference to insurance. If any prejudice to appellants was caused by such references, it was not attributable to any act on the part of plaintiff Souza.

It does not appear that the amount of damages awarded to plaintiff Souza was the result of passion or prejudice on the part of the jury. It cannot be said as a matter of law that the amount of damages was excessive.

As above stated, the plaintiff Dentoni (the guest in the Richardson automobile) did not prevail in his action against Souza. On his appeal he has not attacked the part of the judgment which was adverse to him, but he has asserted, in conjunction with the appellants Richardson (defendants in the first action), that the amount of damages awarded in favor of Souza and against the Richardsons was excessive. It thus appears that on Dentoni's appeal no contention has been made to the effect that the part of the judgment relating to Dentoni was erroneous. Under such circumstances it will be deemed that the appeal by Dentoni has been abandoned. (See *Zanardi* v. *Pacific Tel. & Tel. Co.,* 134 Cal.App.2d 3, 11 [284 P.2d 851].)

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.