[Civ. No. 25162.   Second Dist., Div. One.   May 5, 1961.]

ERNA WIEDEMANN, Appellant, v. BELLE SCHWARTZ FOX et al., Defendants; WEST COAST ELECTRONICS COMPANY, Respondent.

Erna Wiedemann, in pro. per., for Appellant.

Arthur L. Brown and Alan Stamm for Respondent.

THE COURT.—This is the second appeal in the within action, the first having resulted in a reversal of a judgment of dismissal entered after a demurrer to the amended complaint was sustained without leave to amend. (175 Cal.App. 2d 66 [345 P.2d 356].) In reversing the trial court's judgment, the appellate court declared that "Plaintiff should be given an opportunity to seek legal advice for the drafting of a second amended complaint" (p. 68). On remand she elected not to do so; and, demurrers to two more amended complaints having been sustained, defendant West Coast Electronics Company finally answered certain pleadings denominated "Conception of the Slanderous Conversation between Belle Schwartz Fox and Hotel-Manager Hern. Courtright, Employer of Plaintiff's Husband, Wm. Wiedemann, Pastry Chef" and "Amended Complaint as Permitted by Allen T. Lynch, Plaintiff Erroneously Did not Title Her 'Conception of the Slanderous Conversation' as 'Amended Complaint.' " Defendant Fox was served with process in New York but never entered an appearance in the litigation. The trial was conducted by plaintiff in propria persona. When the case was called, counsel for defendant West Coast Electronics Company informed the court, "before we begin, that on numerous occasions in the past on law and motion pleadings . . . Mrs. Wiedemann has been advised by the court to retain an attorney, but she has refused . . ." Following a court trial, judgment was rendered in defendant's favor and motions for a new trial and for disqualification of the trial judge were denied. Plaintiff has appealed from the judgment; she also has attempted to appeal from the nonappealable order denying her a new trial.

At the outset, we label the many statements made by

appellant and contained in the document filed by her as an opening brief, as scurrilous, degrading, insulting and defamatory in nature and, finding them to be so numerous and inextricably incorporated into her purported argument as to render the entire document unworthy of inclusion in the files of the within action, we order the same stricken from the records and files of this case, completely removing them from any consideration by this court in connection with the merits of the within appeal, and excoriate appellant for her irresponsible and totally inexcusable conduct in the presentation of such a document to this court.

Since the action was tried in the lower court by plaintiff on the theory set forth in the prior opinion, we quote from the pertinent part thereof in lieu of the rambling, disconnected and unintelligible factual statements made by appellant in her oral argument: "May 10, 1957, at the request of defendant Fox, employees of West Coast installed an electronic sound surveillance device in the apartment occupied by plaintiff and her husband, William Wiedemann, who was employed as a pastry chef by a Beverly Hills hotel at a salary of $85 per week; entry to the apartment was gained forcibly, unlawfully and without the consent of the Wiedemanns; through conversations overheard by means of the device agents of West Coast learned where Wiedemann was employed and transmitted this information to Mrs. Fox; actuated by malice against the Wiedemanns because of an attack upon her late father contained in an unpublished book written by plaintiff, defendant Fox wrongfully caused Wiedemann to be discharged from his job at the hotel; May 27, 1957, the day of her husband's discharge, plaintiff smashed the sound device and the following day it exploded; unable to obtain other employment as a pastry chef in California, Wiedemann went to Colorado, where he obtained part-time employment as a baker, contracted sleeping sickness and returned to Los Angeles where he died September 3, 1957." (175 Cal.App.2d 66, 67 [345 P.2d 356].) Damages in the sum of $10,000 were sought.

Except for an opening statement by plaintiff (which, at her request, was not transcribed) and the unpublished book (referred to in the prior opinion), which was received as an exhibit, plaintiff produced nothing at the trial to substantiate the allegations contained in her pleadings. In its defense, West Coast called several witnesses, none of whose testimony was contradicted in any material part. Bruce Worcester (defend-

ant's former general manager) testified that West Coast never engaged in any type of manufacture, sale or installation of sound surveillance equipment, and that defendant Fox was never a customer of that company. Vertner Jones, who managed the apartments where the trespassing activities assertedly occurred, testified that he investigated plaintiff's complaints and found nothing to support her charges. Joseph Francis Meade, a sergeant of police with 24 years' experience as an electrician, was questioned as to his findings following an inspection of the premises where the "bugging" was said to have been done; he testified that while he found some wires, they "had been in there for years, obviously, and they had originally been installed for the purpose of a buzzer system so that the manager downstairs could buzz any one of the apartments throughout the building." William Harmon, formerly executive chef at the hotel in question and Mr. Wiedemann's supervisor in May of 1957, testified that he discharged plaintiff's husband because the latter's work was "consistently under par" during the 18 days he was employed; he also stated that he did not know defendant Fox and that neither Hernando Courtright nor any representative of West Coast ever told him to discharge Mr. Wiedemann.

From her oral argument we deem appellant's contentions to be—that the trial court should have rendered a judgment in her favor because this court previously stated that she had a good cause of action; that the respondent's witnesses should have testified for her but were "bought" by respondent and did not tell the truth; and that the trial judge erred in failing to grant a motion to disqualify himself—none of which has any semblance of merit.

The appellant argued that inasmuch as the appellate court, in reversing the judgment of dismissal after a demurrer to the amended complaint was sustained without leave to amend in her first appeal in the within action, declared that there are stated in the amended pleading "the essentials of a cause of action for trespass against West Coast" (175 Cal. App.2d 66), that the trial court erred in not finding in her favor. In advancing this argument, appellant completely ignores the fundamental fact that the burden is upon the plaintiff to prove her case in the lower court by a preponderance of the evidence (Code Civ. Proc., § 1981); and it is obvious, in the record before us. that she came nowhere near sustaining her burden of proof. Although it may be that on the issue of the legal sufficiency of her pleading the appellate

court declared that the same contained the essentials of a cause of action for trespass against respondent, reversing the judgment of dismissal and permitting her to file a second amended complaint, such a holding does not relieve her from the burden of drafting a legally sufficient amended pleading or from proving, by a preponderance of evidence, the truth of her allegations. The only proof appellant offered the lower court at the trial of the within action was an opening statement, not in the record before us, and an unpublished book, received as an exhibit.

Appellant accused, in her oral argument, that respondent's witnesses were "bought," "paid for" and "instructed" to testify contrary to the truth. The trier of fact is the exclusive judge of the credibility of witnesses (Code Civ. Proc., § 1847) ; as stated in *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757], as members of a reviewing court "we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom." Here, of course, it can hardly be said that any substantial conflict in the evidence existed because, as mentioned earlier, appellant's opening statement (assuming it was under oath) has never been brought up as a part of the record and, save for her sworn pleadings, there is nothing to lend support to her claims. Furthermore, as the plaintiff in the action she was bound to assume the burden of proof and in the end prevail by a preponderance of evidence (Code Civ. Proc., § 1981) ; where "the existence of an essential fact upon which a party relies is left in doubt or uncertainty, the party upon whom the burden rests to establish that fact should suffer, and not his adversary." (*Reese* v. *Smith*, 9 Cal.2d 324, 328 [70 P.2d 933].) The trial court under the circumstances had no alternative but to find, as it properly did, in favor of the respondent.

Appellant's final point in her oral argument related to the refusal of the trial judge to grant a motion for his disqualification because of asserted prejudice. The motion was made subsequent to the trial and after findings had been signed and judgment entered. If for no other reason than lack of timeliness, the motion was properly denied, since section 170.6, subdivision (2), of the Code of Civil Procedure provides, among other things, that in no event shall a judge entertain a motion under such section if it is made "after

swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced.'' Having elected to represent herself, appellant, of course, was bound by the same procedural rules as any member of the bar. (*Batchelor* v. *Finn*, 169 Cal.App.2d 410, 425, fn. 3 [337 P.2d 545, 341 P.2d 803, 346 P.2d 795].)

A careful reading of the record reveals that far from being prejudiced, the trial judge accorded appellant an eminently fair and proper trial; he extended himself, considerably beyond any bounds of duty, to assist her in the cross-examination of witnesses and in the presentation of her case, and otherwise exhibited a great degree of patience with her lack of professional manner, which is most commendable. Appellant had every opportunity to present her case in the lower court; she had her day in court and in every sense of the term, a fair trial.

The judgment is affirmed; the purported appeal from the order denying the motion for new trial, being nonappealable (*Singleton* v. *Perry*, 45 Cal.2d 489, 500 [289 P.2d 794]), is dismissed.