[Civ. No. 22182.   First Dist., Div. Three.   Apr. 12, 1965.]

PEARL E. HUGHES, Plaintiff, Cross-defendant and Respondent, v. NODA KILGORE et al., Defendants, Cross-complainants and Appellants.

Robert G. Baker and Bertrand F. Lurie for Defendants, Cross-complainants and Appellants.

Rebecca Wells Smith and Ollie M. Marie-Victoire for Plaintiff, Cross-defendant and Respondent.

DRAPER, P. J.—Each party sought recovery for personal injuries and property damage sustained in a two-car collision. Jury verdict was for plaintiff and against defendant-cross-complainant, █ who appeals.

Both cars were traveling north on the Bayshore Highway. Plaintiff testified that she was in the inner or fast lane and that defendant's car swerved into her lane, causing the right front of plaintiff's car to strike the left side of defendant's vehicle. Defendant testified that she was in the fast lane when the traffic ahead compelled her to stop, her braking having caused her car to turn at an angle. She said that plaintiff's car, coming from the rear, struck her car along its rear left side. The two drivers were the only eyewitnesses. Photographs of the two cars, showing the damage to each in detail, were in evidence and are concededly accurate. A highway patrolman testified that there were no skidmarks. He also fixed locations at which the cars came to rest after the collision.

█ Plaintiff called a professor of engineering, who testified, over objections, to the angle of each car at time of impact, and that defendant's car was moving at that moment. Plaintiff's attorney, in argument to the jury, suggested assigning a per day value to pain and suffering. Defense objections to this argument were overruled. Both incidents are assigned as error.

█ It is clear that an expert's opinion is not barred merely because it concerns an ultimate fact to be determined by the jury (*People* v. *Cole,* 47 Cal.2d 99, 103-106 [301 P.2d 854, 56 A.L.R.2d 1435] ; *People* v. *Peoples,* 212 Cal.App.2d 581, 583

[28 Cal.Rptr. 120]; see Witkin, Cal. Evidence (1958) pp. 223-224). Appellant argues, however, that expert opinion is not admissible in automobile accident cases when "the factors involved are too varying and indefinite to constitute the basis of an opinion" (*Francis* v. *Sauve*, 222 Cal.App.2d 102, 114 [34 Cal.Rptr. 754]). That case involved a three-car collision, and held inadmissible an opinion as to which of the two rear end collisions occurred first—an opinion drawn from minimal facts. The language condemning opinion "designed to reconstruct what occurred in a traffic accident" must be read in the context of the facts there considered.

Here, the expert had wide experience in investigation of automobile collisions, including laboratory study of the results of collisions occurring under controlled conditions. The trial judge carefully admitted only those opinions which could be based upon facts proved. The expert testified that the damage to the two cars showed a relative speed which, exerted against a stopped vehicle at the angle shown by the photographs of the two cars to be that of impact, would have left skidmarks from defendant's tires. He concluded that defendant's car was moving when struck. This opinion he buttressed by pointing to the relatively short span of raking damage along the left side of defendant's car when struck by the right front of plaintiff's auto. Each opinion he gave was based upon facts, and each appears to follow reasonably from the known facts of absence of skidmarks, pictured damage to both cars, and the positions at which the cars came to rest. While the significance of these facts would not be readily apparent to the untrained, the reasons for the expert's conclusions from them were stated in lay language which permitted the jurors to determine for themselves the validity of the reasons given. The jury was instructed that it was not bound by any expert's opinion, but that it should reject it "if, in the opinion of the jury, the reasons given for it were unsound." We conclude that this case is governed by the decisions favoring admissibility (e.g., *Pogetto* v. *Owen*, 187 Cal.App.2d 128 [9 Cal.Rptr. 395]; *Taylor* v. *Pacific Container Co.*, 148 Cal.App.2d 505, 513 [306 P.2d 1049]; *Wells Truckways, Ltd.* v. *Cebrian*, 122 Cal.App.2d 666 [265 P.2d 557]), rather than by *Francis* v. *Sauve, supra*.

■ Whether an opinion would assist the trier of fact is largely for the discretion of the trial court (*People* v. *Cole, supra*, 47 Cal.2d 99, 103). In the interest of conserving its time, the trial court may frequently exercise this discretion

against admission. ██ In the instant case, we cannot say that it was error to admit the opinion.

██ Appellant also attacks the award of $12,260 as damages. She asserts, with little argument, that this is excessive as a matter of law. Respondent's medical, hospital and like costs amounted to $1,562.67, and damage to her car was $350. Thus slightly more than $10,000 was awarded as general damages. Her leg was fractured, her lip was cut through, requiring suturing in three layers, and she suffered numerous bruises and contusions. She was hospitalized for 25 days, during most of which time her leg was in traction. For three months after discharge from the hospital, she was wholly unable to care for herself, requiring help in dressing, bathing, and using the toilet. She was on crutches for five months, and thereafter used one crutch for a time, and later a cane. At trial, two years after the accident, she still had some pain and limitation of motion of this leg. She has difficulty in walking and in doing her housework. Her lip remained numb, and a ridge had formed inside it which gave her trouble. Motion for new trial was based, in part, upon the ground of excessive damage. The trial judge denied the motion. The award is not so gross as to support attack on appeal (*Wilson* v. *Fitch*, 41 Cal. 363, 386; *McChristian* v. *Popkin*, 75 Cal.App.2d 249, 263 [171 P.2d 85]).

██ But appellant urges error in the jury argument of respondent's counsel which suggested a per diem award for pain and suffering. Reliance is upon a dissenting opinion (*Seffert* v. *Los Angeles Transit Lines*, 56 Cal.2d 498, 509-514 [15 Cal.Rptr. 161, 364 P.2d 337]). As pointed out in that dissent, other jurisdictions differ as to whether such argument is error. Since the majority in *Seffert* somewhat significantly declined to pass upon the point, there is no California decision upon the issue. We note, too, that in *Seffert* the precise amount urged by the argument of plaintiff's counsel was awarded by the jury. Here, counsel argued for an amount of $25,000, and received less than half that amount. Here, moreover, the argument was expressly presented as a "suggestion", and counsel stated "it is just argument." The trial judge, immediately following this portion of the argument, admonished the jury that the "law does not state that" the suggested approach "is the method by which you should determine damages." At close of the case, the jury was fully instructed as to the proper computation of damages. In view of the award made (compare *Sexton* v. *Key System Transit Lines*, 144 Cal.

App.2d 719, 722-723 [301 P.2d 612]) we cannot find that the argument, even if erroneous, resulted in prejudice to defendant.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 2, 1965.