25 Cal.App.3d 596 (1972)
102 Cal. Rptr. 238
BOYD B. DAVIS et al., Petitioners,
v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; FRANCES I. CARR, Real Party in Interest.
Docket No. 30983.
Court of Appeals of California, First District, Division One.
May 17, 1972.
*597 COUNSEL
Redland, Elder & Pinney and Van H. Pinney for Petitioners.
No appearance for Respondent.
No appearance for Real Party in Interest.
OPINION
SIMS, J.
Petitioners seek a writ of mandate commanding respondent court to set for trial an action in which they seek to recover damages for personal injuries. It appearing from the petition that the superior court had erroneously ordered the action transferred to the municipal court, an alternative writ of mandate was issued.[1] No return was made to the alternative writ by *598 either respondent court or the real party in interest, who is the defendant in the pending action. It appearing that the action is one within the jurisdiction of the superior court a peremptory writ of mandate must issue ordering the respondent court to proceed to set the case for trial upon petitioners' at issue memorandum in accordance with applicable rules of court.
On October 2, 1970 petitioners filed their complaint seeking damages for personal injuries sustained by them on or about April 25, 1970 as a proximate result of the negligence of real party in interest. Petitioner Boyd B. Davis alleged that he sustained injury to his neck, back and spine and suffered pain, shock and suffering. He seeks damages for hospitalization, X-rays, medical and nursing care and attention; and the loss of earnings in amounts to be ascertained; and he claims $25,000 general damages. Petitioner Marie Davis alleged that she sustained injury to her cervical spine, trochanter, head and body and suffered pain, shock and suffering for which she seeks the same amount of damages as Boyd B. Davis.
Real party in interest filed his answer October 31, 1970; petitioners filed their memorandum that civil case was at issue (see Cal. Rules of Court, rule 206) on November 3, 1970; and on October 19, 1971 respondent court made the order re settlement conference and trial setting conference (id., rules 207.5 and 220) setting the same for December 21, 1971. Thereafter, the conference was continued to January 28, 1972.
The uncontradicted declaration of the attorney for petitioners reflects that petitioner Marie Davis suffered the loss of two permanent teeth and required considerable additional dental work; that she also suffered acute cervical sprain, trochanteric bursitis and cerebral concussion; and that she necessarily incurred bills for medical attention and hospitalization of $1,368 and a wage loss of $108.75, and suffers residual pain and limitation of motion. He further relates that at the conference the judge announced that in his opinion the case of Marie Davis would not justify a verdict of $5,000. Accordingly the court on that day ordered the case transferred to the Municipal Court of the Berkeley-Albany Judicial District.
"Superior Courts have original jurisdiction in all causes except those given by statute to other trial courts." (Const., art. VI, § 10; cf. former § 5.) "The Legislature shall provide for the organization and prescribe the jurisdiction of municipal and justice courts." (Const., art. VI, § 5; cf. former § 11.) "Each municipal court shall have original jurisdiction of ... all *599 cases at law in which the demand, exclusive of interest, ... amounts to five thousand dollars ($5,000) or less, ..." (Code Civ. Proc., § 89, subd. (a) ¶ (1).)
(1) "The superior courts are courts of general jurisdiction, while the jurisdiction of municipal courts is limited to cases and proceedings in which it is expressly conferred. [Citation.]" (St. James Church v. Superior Court (1955) 135 Cal. App.2d 352, 356 [287 P.2d 387]. See also Bloniarz v. Roloson (1969) 70 Cal.2d 143, 147 [74 Cal. Rptr. 285, 449 P.2d 221]; and Castellini v. Municipal Court (1970) 7 Cal. App.3d 174, 176 [86 Cal. Rptr. 698].)
At the time of the court's order, section 396 of the Code of Civil Procedure provided in pertinent part: "If an action ... is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this State which has such jurisdiction, the action or proceeding shall not be dismissed ... but shall, ... on the court's own motion, be transferred to a court having jurisdiction of the subject matter...."[2]
(2) "Ordinarily the relief claimed when the action is instituted determines the jurisdiction of the court over the subject matter for the entire proceeding. [Citations.] To ascertain the nature of and amount in controversy for determining the jurisdiction of the subject matter the complaint as a whole may be examined. [Citations.]" (Sellery v. Ward (1942) 21 Cal.2d 300, 304-305 [131 P.2d 550]. See also Silverman v. Greenberg (1938) 12 Cal.2d 252, 254 [83 P.2d 293]; Becker v. Superior Court (1907) 151 Cal. 313, 315-318 [90 P. 689]; Rodley v. Curry (1898) 120 Cal. 541, 543 [52 P. 999]; Montalvo v. Zamora (1970) 7 Cal. App.3d 69, 77 [86 Cal. Rptr. 401]; Allstate Leasing Corp. v. Smith (1965) 238 Cal. App.2d 128, 130 [47 Cal. Rptr. 636]; Muller v. Reagh (1957) 150 Cal. App.2d 99, 102 [309 P.2d 826]; St. James Church v. Superior Court, supra, 135 Cal. App.2d 352, 356; Schwartz v. Cal. Claim Service (1942) 52 Cal. App.2d 47, 56-58 [125 P.2d 883]; and Harrison v. Superior Court (1935) 3 Cal. App.2d 469, 470 [39 P.2d 825]. Cf. Wiedemann v. West *600 Coast Electronics Co. (1959) 175 Cal. App.2d 66, 68 [345 P.2d 356]; and Roberts v. Western Pac. R.R. Co. (1951) 104 Cal. App.2d 816, 821 [232 P.2d 560]; and note Todhunter v. Smith (1934) 219 Cal. 690, 694 [28 P.2d 916].)
In Rodley v. Curry, supra, the court stated, "It is so well settled that the amount for which judgment is demanded in the complaint determines the jurisdiction of the court that no authorities need be cited. Any other rule would be fraught with uncertainties and mischiefs beyond the power of anticipation." (120 Cal. at p. 543.)
It is generally recognized that the assertion in bad faith of an unfounded claim will not vest jurisdiction in the superior court. In Becker v. Superior Court, supra, the court observed "It may be remarked that we are not dealing with the question whether jurisdiction can be fraudulently conferred upon the superior court by the assertion in bad faith of an unfounded claim. We have no doubt that an action at law in which the actual demand amounts to less than three hundred dollars cannot be brought and retained within the jurisdiction of the superior court by adding a fictitious claim for a larger sum, or by making a fictitious showing as a basis for a purported prayer for equitable relief." (151 Cal. at p. 318. See also Schwartz v. Cal. Claim Service, supra, 52 Cal. App.2d 47, 56-57.)
(3a) Here the complaint does not appear fraudulent on its face. To permit the setting judge to determine sua sponte that an alleged claim is unfounded or fraudulent is to deny the plaintiff his right to a jury trial. In Schwartz v. Cal. Claim Service, supra (52 Cal. App.2d at p. 57), the court approved the following passage from Barry v. Edmunds (1886) 116 U.S. 550 [29 L.Ed. 729, 6 S.Ct. 501]: "In no case is it permissible for the court to substitute itself for the jury, and compel a compliance on the part of the latter with its own view of the facts in evidence, as the standard and measure of that justice, which the jury itself is the appointed constitutional tribunal to award." (116 U.S. at p. 565 [29 L.Ed. at p. 734].)
In Barry v. Edmunds, the court concluded: "The section of the act of March 3, 1875, under which the Circuit Court acted in dismissing the present action confers a beneficial authority to be wisely exercised in defeating collusive and fraudulent experiments upon its jurisdiction; but the discretion it confers is judicial, proceeding upon ascertained facts according to rules of law, and subject to review for apparent errors." (Id., p. 566 [29 L.Ed. at p. 734].)
So here, although section 396 of the Code of Civil Procedure gives the superior court power to transfer the cause to an inferior court in a proper *601 case, it cannot arbitrarily disregard the prayer of the complaint. Even if the plaintiff overstates his case in good faith, he may be penalized by loss of costs. (See Code Civ. Proc., § 1032, subd. (d).)
The showing made at the pretrial hearing did not show that an award of damages of more than $5,000 would be excessive as a matter of law. (4) The failure to allow any recovery in excess of special damages may demonstrate that damages are inadequate as a matter of law. (Gallentine v. Richardson (1967) 248 Cal. App.2d 152, 155 [56 Cal. Rptr. 237]; Thompson v. Mattucci (1963) 223 Cal. App.2d 208, 210-211 [35 Cal. Rptr. 741].) In the former case the court said, "The duty of the appellate court to set aside the verdict of the trial court is the same where damage is proven as a proximate result of defendant's negligence, the exact amount of plaintiff's special damages are awarded, and no award is made for the detriment suffered through pain, suffering, inconvenience, shock or mental suffering. In such situation we hold an award limited strictly to the special damages is inadequate as a matter of law." (248 Cal. App.2d at p. 155.) Similar results have been obtained where only nominal general damages have been allowed. (See Haskins v. Holmes (1967) 252 Cal. App.2d 580, 587 [60 Cal. Rptr. 659]; Buniger v. Buniger (1967) 249 Cal. App.2d 50, 54-55 [57 Cal. Rptr. 1]; and note Spencer v. Young (1961) 194 Cal. App.2d 252, 254-256 [14 Cal. Rptr. 742] [upholding the grant of a new trial]; but cf. Wood v. Davenport (1954) 127 Cal. App.2d 247, 252 [273 P.2d 564].) (3b) The judge at the setting conference could not declare as a matter of law (regardless of what power he might have on ruling on a motion for new trial) that an award of $3,524 or greater for general damages would be excessive in connection with the injuries she allegedly suffered and the $1,476.75 special damages she allegedly incurred. In Sexton v. Key System Transit Lines (1956) 144 Cal. App.2d 719 [301 P.2d 612], the court stated, "... it is not the function of an appellate court to fix the award of damages, even within broad limits, and thus to impose its views upon the trier of the fact. Pain and suffering are not subject to precise measurement by any scale, and their translation into terms of money damages is peculiarly the function of the trier of the facts." (144 Cal. App.2d at p. 722. See also Bondulich v. O.E. Anderson Co. (1962) 210 Cal. App.2d 12, 18-19 [26 Cal. Rptr. 147]; and Guerra v. Balestrieri (1954) 127 Cal. App.2d 511, 518-520 [274 P.2d 443]; and cf. McFarland v. Booker (1967) 250 Cal. App.2d 402, 415 [58 Cal. Rptr. 417].)
It is recognized that there is a legitimate need to cut down the caseload of the superior courts. It cannot be fulfilled, however, by depriving litigants of their right to attempt to establish damages within the jurisdiction of that court.
*602 Let a peremptory writ of mandate issue commanding respondent court to set aside the order of transfer and to proceed to set the case for trial upon petitioners' at issue memorandum in accordance with applicable rules of court.
Molinari, P.J., and Elkington, J., concurred.
NOTES
[1] Code of Civil Procedure section 400 provides in pertinent part, "When an order is made by the superior court granting or denying a motion to change the place of trial, the party aggrieved by such order may ... petition the district court of appeal ... for a writ of mandate requiring trial of the case in the proper court." These provisions for petition for a writ of mandate were adopted in 1961 and at the same time provisions which allowed an appeal in such cases were deleted from section 963 of the Code of Civil Procedure. (Stats. 1961, ch. 1059, §§ 2 and 3, p. 2748. See Muller v. Reagh (1957) 150 Cal. App.2d 99, 103-104 [309 P.2d 826]; but cf. St. James Church v. Superior Court (1955) 135 Cal. App.2d 352, 355 [287 P.2d 387]; and Harrison v. Superior Court (1935) 3 Cal. App.2d 469, 471 [39 P.2d 825].)
[2] California Rules of Court, rule 212 provides in part: "(a) At the pretrial conference, ... the judge, without adjudicating controverted facts, may consider and act upon the following matters: ... (6) Whether the court has jurisdiction to act in the case as now or hereafter provided by law and, if not, by consent to transfer or to dismiss the case accordingly;..." (Italics added.)

Since the record does not show that a pretrial conference was requested by any party or ordered by the court (see rule 208), the foregoing provisions are not applicable to this case. In any event the amount of damages was not uncontroverted, and there was no consent to the transfer.