[Civ. No. 12309. Second Dist., Div. One.—April 24, 1941.]

IRMA WEISKOPF, a Minor, etc., et al., Appellants, v. CLARENCE H. SMITH, Respondent.

Eugene L. Wolver and Louis Miller for Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and White McGee, Jr., for Respondent.

DESMOND, J., *pro tem.*—From a judgment entered upon a jury verdict in their favor, in the sum of $100, plaintiffs appeal. They claim that this judgment is contrary to the evidence and insufficiently supported in view of damages proven.

The suit was brought by Irma Weiskopf, a minor eighteen years old, through her father, David W. Weiskopf, as her guardian *ad litem,* David joining as a plaintiff in his own behalf.

The complaint alleged that, as a result of a collision on March 12, 1938, between her father's car, in which she was riding with her mother as driver, and that of defendant, Irma "suffered certain injuries, both temporary and per-

manent in nature, was made sick, ill and nervous and sustained grievous pain and suffering, and permanent scars and disfigurement.''

█ The complaint also alleged that as a result of the collision and the injuries which ensued the coplaintiffs had been compelled, and would be compelled, to obtain professional and medical care and attention for the plaintiff, Irma. There was no other allegation of damage suffered by David Weiskopf, but at the trial he testified that damage to his car by reason of the collision amounted to approximately $60. Upon the hearing certain photographs were introduced as exhibits, which have been presented for our inspection. One shows the Weiskopf car with a badly battered right side; another the minor plaintiff, Irma, with a badly scarred right cheek. This photograph was taken by a plastic surgeon, Dr. Lindenberg, one week after the accident. He described the scar as a freshly healing wound when he first saw it—''an irregular 'Z' shaped ragged-looking wound two and one-half inches in length.'' It appears in the photograph to be in the middle of the patient's cheek. Another wound was described by the physician as ''a straight wound two inches long, extending from the right eyebrow toward the middle of the forehead.'' This scar is much fainter in the photograph than the ''Z'' shaped scar, and Dr. Lindenberg testified that his prognosis was ''that the wounds on the forehead and behind the ear probably will vanish, however, the wound on the cheek, while I believe we will be able to improve it, it will always be more or less marked. That such surgery cannot be resorted to until a year shall have elapsed after the injury, and a year thereafter will elapse before the wounds, as corrected by the operation or operations, will have sufficiently faded so as not to constitute a blemish upon the patient's looks. The 'Z' shaped wound on the cheek has a puffiness at its angles, which puffiness is caused by scar tissue and will probably take two operations to rectify this as only a certain amount of scar tissue can be removed at each operation. I have examined the patient on several occasions and have had the opportunity to observe her attitude toward the wounds and the effect that they have, particularly the 'Z' shaped wound, upon her personality and attitude toward life. She is extremely conscious of the wound and the same has made her nervous and irritable. The same has also made

her introspective and she is extremely self-conscious of the scars as a result of the wounds.'' This testimony was given on October 27 or 28, 1938, more than seven months after the injuries were received, and on further examination the doctor stated his belief ''that the maximum reduction by natural causes has now been reached upon the plaintiff, Irma Weiskopf, and that no greater reduction of her scars will be obtained by natural causes in view of the fact that on the 'Z' shaped scar there is a puffiness at the angles of the cut, which will not be removed by nature, since the same is caused by scar tissue that has formed there and that the only way that this puffiness can be reduced is by surgery.'' On cross-examination Dr. Lindenberg gave his opinion ''that with surgery the scars upon the plaintiff, Irma Weiskopf, would be greatly reduced and that such an operation would be successful.'' He stated that the reasonable value of his services to time of trial was $100; that ''the reasonable value of the services which will have to be necessarily rendered in operating upon the 'Z' shaped scar on the cheek would be Two Hundred ($200.00) or Two Hundred Fifty ($250.00) Dollars. That two (2) operations would be required, and that hospitalization would be necessary for two or three days at the time of each operation. That the reasonable costs of such hospitalization would be Five ($5.00) Dollars to Seven ($7.00) Dollars a day.''

Having considered the principles involved in this appeal, in the light of authorities furnished by opposing counsel, and having reviewed the evidence brought up by the bill of exceptions, we find that the present case presents facts, conditions and circumstances very similar to those appearing in *Bencich* v. *Market St. Ry. Co.*, 20 Cal. App. (2d) 518 [67 Pac. (2d) 398]. Under the reasoning of that case we believe the appeal has merit.

The judgment therefore is reversed and the cause remanded for a new trial.

Doran, Acting P. J., and White, J., concurred.