[Civ. No. 6908.   Fourth Dist.   Jan. 31, 1963.]

NANCY MILLER, Plaintiff and Appellant, v. SAN DIEGO GAS AND ELECTRIC COMPANY, Defendant and Respondent.

Higgs, Fletcher & Mack and Edward M. Wright for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps, Jack W. Crumley and Robert G. Steiner for Defendant and Respondent.

MONROE, J. pro tem.*—The plaintiff and appellant, Nancy Miller, commenced this action against the defendant to recover damages for injuries alleged to have been the proximate result of an electric shock. It developed that in July 1960 the agents of the defendant San Diego Gas and Electric Company had occasion to install a new transformer upon the electric line in Chula Vista from which the Miller home was served. This change was rendered necessary by reason of additional demand on the electric line. In the course of the change it became necessary to disconnect the wires running to the Miller property and later to reconnect them.

The evidence is sufficient to support a finding that in reconnecting the wires they were reversed and the ground wire was connected with the part of the installation to which theretofore the "hot" wire had been connected. The evidence indicates that as a result of such connection the ground and things connected with it became charged. In any event, it appears that when Mrs. Miller lifted the lid to her mail box she received an electric shock.

It was claimed that as a result of this shock Mrs. Miller received severe and permanent injuries. She claimed that by reason of the shock her arm became discolored and that eventually it turned a deep black, which condition lasted for some months. It was further claimed that her arm became blistered and that the skin sloughed off from the blistered

---

*Assigned by Chairman of Judicial Council.

area. The further claim was made that as a result of the injuries she had suffered nervous and mental damage as a result of which she had undergone a personality change.

Plaintiff introduced evidence that she went to several doctors who treated her for various periods. She also was in hospitals for brief periods. She furnished evidence that her total medical bills amounted to the sum of $1,133.18.

The jury returned a verdict in favor of plaintiff and against the defendant San Diego Gas and Electric Company in the amount of $1,133.18, the exact amount of the medical expenses. The plaintiff moved for a new trial on the ground that the evidence was insufficient to sustain the verdict and upon the further ground that the verdict was inadequate. This motion was denied and plaintiff has appealed.

Plaintiff's main contention on appeal is that the verdict was inadequate. She takes the position that a verdict in the exact amount of the medical expenses incurred by plaintiff is inadequate as a matter of law, for the reason that no allowance is made for the injury received or the pain and suffering incidental thereto. In this connection the plaintiff points out that there is ample evidence to support the implied finding of the jury that defendant was negligent and that as a result thereof plaintiff suffered electric shock.

There are a number of California cases in which the courts have permitted small or nominal judgments on jury verdicts to stand even though they apparently are inadequate as compensation for the damage suffered. Some of these cases are based upon the proposition that where a cause of action has not been adequately proved but the jury, as a matter of compromise, has rendered a small verdict, the court may permit the judgment thereon to stand if the defendant is willing that it do so. The appellant contends that this line of cases has no applicability to the case at bar, for the reason that there was ample proof to support a finding of negligence of the defendant and its agents. Upon the authority of *Bencich* v. *Market St. Ry. Co.,* 20 Cal.App.2d 518 [67 P.2d 398], and cases therein cited, the appellant contends that a judgment on a verdict in an insufficient amount may not be affirmed.

Plaintiff further contends that there was no attempt to dispute the amount of the medical expenses paid by defendant, and relies upon the following cases as authority for the proposition that an award of no more than medical expenses is an insufficient verdict: *Clifford* v. *Ruocco,* 39 Cal.2d 327 [246 P.2d 651]; *Crowe* v. *Sacks,* 44 Cal.2d 590 [283 P.2d 689];

*Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335] ; and *Weiskopf* v. *Smith,* 44 Cal.App.2d 438 [112 P.2d 665].

An examination of the record reveals ample testimony, although contradicted, to support the implied finding of the jury that defendant was negligent. It is true that the defendant did not dispute the amount of expenses paid by plaintiff. In fact, defendant stipulated to the bills and receipts presented by plaintiff. In making that stipulation, however, defendant expressly refrained from stipulating that the expenses were reasonable or that they were for treatments rendered necesssary by reason of the negligence of the defendant. In fact, defendant seriously disputed the extent of plaintiff's alleged injuries and contended that the expenses incurred were not proximately caused by the shock suffered by her. An examination of the cases relied upon by appellant demonstrates that they involved situations where the right to recover was established and that there was also proof that the medical expenses were incurred because of defendant's negligent act. [■■  It is of course clear that in such situation a judgment for no more than the actual medical expenses occasioned by the tort would be inadequate. It cannot be said, however, that because a verdict is rendered for the amount of medical expenses or for a less amount the verdict is inadequate as a matter of law. Every case depends upon the facts involved. In *Dimmick* v. *Alvarez,* 196 Cal.App.2d 211 [16 Cal.Rptr. 308], the verdict was rendered for an amount substantially less than the medical expenses proved. In that case there was a serious controversy as to the extent of the injuries and as to whether the expenses paid resulted from the tort complained of. The court held that there was no abuse of discretion in denying the motion for new trial, and the judgment was affirmed. ■■■ The court quoted with approval the following language from *Gersick* v. *Shilling,* 97 Cal.App.2d 641, 645 [218 P.2d 583] :

''. . . The question as to the amount of damages is a question of fact. In the first instance, it is for the jury to fix the amount of damages, and secondly, for the trial judge, on a motion for a new trial, to pass on the question of adequacy. Whether the contention is that the damages fixed by the jury are too high or too low, the determination of that question rests largely in the discretion of the trial judge. The appellate court has not seen or heard the witnesses, and has no power to pass upon their credibility. ■■■ Normally, the appellate court has no power to interfere except when the

facts before it suggest passion, prejudice or corruption upon the part of the jury, or where the uncontradicted evidence demonstrates that the award is insufficient as a matter of law. In determining whether there has been an abuse of discretion, the facts on the issue of damage most favorable to the respondent must be considered.''

See also *Morseman* v. *Mangum,* 177 Cal.App.2d 218 [2 Cal. Rptr. 67]; *Chaparkas* v. *Webb,* 178 Cal.App.2d 257 [2 Cal. Rptr. 879]. In the two foregoing cases it is held that in the face of substantial conflict in the evidence as to the extent of the injuries and as to whether the expenses were incurred as a result of the negligence complained of, the court was justified in denying the motion for new trial, and the judgments for less than the medical expenses were properly affirmed. It is obvious that even though liability be established, a jury may conclude that the plaintiff has suffered little, if any, injury and may conclude that medical expenses paid were not occasioned by the fault of the defendants. Under such circumstances, it is obvious that a verdict may properly be rendered for an amount less than, or for no more than the medical expenses. The attention of this court has not been called to any California decision in which the verdict was in the same amount as the medical expenses. In *Giddings* v. *Wyman* (32 Ill.App.2d 220 [177 N.E.2d 641]), a verdict was rendered in the exact amount of the claimed medical expenses, the exact situation here involved. There was a conflict in the evidence as to the extent of the injuries and as to whether the medical expenses were the proximate result of the collision complained of. The judgment was affirmed. The court stated on page 643 [177 N.E.2d],

''This jury may well have believed that plaintiffs' injuries here was [*sic*] most minimal, to the point of being incapable of evaluation, and that plaintiffs would be fairly compensated if they only received their specials. We must not mislay the jury's inherent right to pass upon the credibility of the evidence and the witnesses.''

A similar case is *Davidson* v. *Schneider* (Mo. 1961) 349 S.W.2d 908, where the verdict was for an amount that exceeded the medical expenses by fifty cents.

In the instant case it is contended on behalf of the plaintiff that she received a very severe electric shock and that as a result thereof the arm turned black. It was claimed that this discoloration lasted for several months and that during the time she was unable to use her arm. It was claimed that the

arm hung useless at her side and that she could only move it by taking hold of it with her other hand. It was claimed that as a result she suffered a change of personality and that she became nervous, highly emotional and hysterical. It was also claimed that her arm was covered with blisters and that as a result the skin came off "like a shedding snake."

Evidence was offered on behalf of the defendant by way of expert testimony to the effect that the reversing of the wires created a condition where, although a person would feel an electric shock in taking hold of the mail box, the shock would be entirely minimal and would produce no physical injury. There was evidence from medical men who inspected plaintiff's arm that there was no burning or blistering. Doctors testifying on her behalf were unable to explain the darkening of color of the arm. All the medical evidence was that there was nothing to indicate an electric burn. There was evidence which would have fully justified a finding that the arm had been treated with dye or some other coloring material. Despite her claims that she was unable to move the arm, evidence was introduced to the effect that she did use it and that there was no atrophy of the arm. She testified her arm was "charred," and that the doctors called it a third degree burn, which the doctors denied.

It would serve no useful purpose for this court to recite the evidence of the witnesses in detail. It is sufficient to point out that as a result of examining the records we are compelled to conclude that there was a substantial conflict as to whether plaintiff received any substantial injury and as to whether bills incurred for medical examinations and treatment were rendered necessary by reason of the shock or whether they were necessary at all. The evidence would here amply support a finding that plaintiff received no injury whatever. ■ It is not for this court to weigh the evidence. Our province goes no further than a determination that there was substantial evidence to support the verdict. Faced by this conflict in testimony and with evidence that there was negligence on the part of the defendant, it seems entirely probable that the jury felt that although plaintiff was entitled to no more than nominal damages, the kindest disposition of the case was to award to her an amount at least equivalent to her medical bills. Obviously the trial court so appraised the situation and permitted the judgment to stand.

In connection with this question the recent case of *Hunt* v. *Burgess*, 210 Cal.App.2d 855 [26 Cal.Rptr. 920], handed

down by Division One of the Second District Court of Appeal on December 7, 1962, is of more than passing interest. In that case the jury returned a verdict for the plaintiff for "nothing," and a judgment thereon was affirmed. In *Graf* v. *Marvin Engh Truck Co.*, 207 Cal.App.2d 550 [24 Cal.Rptr. 511] this court had before it an award which was less than the medical bills. A motion for new trial was denied and an appeal taken by the plaintiff, who contended that the award was inadequate. ▆▆▆ In affirming the judgment this court said, at page 555:

"It is not always necessary that a jury award any particular amount as damages in returning a verdict for the plaintiff. [Citation.] It is not always necessary that the amount of the award equal the alleged medical expenses, for it has long been the rule that the costs alone of medical treatment and hospitalization do not govern the recovery of such expenses. It must be shown additionally that the services were attributable to the accident, that they were necessary, and that the charges for said services were reasonable."

Throughout the brief for appellant it is vigorously contended that the verdict was the result of passion and prejudice of the jury brought about by the introduction into evidence of prejudicial matters. There is but one assignment of error; that has to do with evidence that prior to the action the plaintiff frequently used profanity. Evidence of other things somewhat detrimental to the plaintiff was received in evidence, although the admission thereof is not assigned as error. Because of the insistence of appellant that the case was tried in a prejudicial manner we have felt that in all fairness we should carefully review the record. The record reveals that although the case was ably and forcefully tried on behalf of defendant, there was nothing in the manner of the presentation of defendant's case to justify a conclusion that there was any intentional introduction of evidence for the purpose of prejudicing the jury. Evidence of this character came into the record because of the contention that as a result of the electric shock the plaintiff had suffered a change of personality. Faced by that issue the defendant was entitled to inquire as to plaintiff's acts and conduct and personality prior to the accident. For instance, it was claimed that plaintiff had become nervous and hysterical, and there was evidence that on several occasions, prior to the accident, by reason of family misfortunes, the plaintiff had been nervous and hysterical. There was evidence that for years plaintiff had been of a highly

nervous temperament, despite the evidence of plaintiff and her family to the contrary. But a complete answer to this contention is that the evidence now complained of was introduced without objection. Certainly the plaintiff cannot permit the prior conduct and personality of the plaintiff to be a subject of testimony without objection and then seek a reversal because of the contention that some of that testimony was prejudicial.

It would seem to this court that if there was any prejudice on the part of the jury it is more probable that it arose because of the evidence indicating that plaintiff was being something less than frank and truthful with regard to the extent of her injury. Her evidence was seriously impeached. The fact that in the face of this testimony the jury rendered a verdict for the full amount of the medical bills indicates that the jury was trying to be entirely fair. particularly as there was ample evidence which, if accepted by the jury, would have justified a finding of no injury. In the final analysis, however, the question of whether there existed such prejudice as may have affected the jury's verdict was a matter primarily addressed to the trial court upon motion for new trial. We find no abuse of discretion in the order denying that motion.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied February 20, 1963, and appellant's petition for a hearing by the Supreme Court was denied March 27, 1963.