[Civ. No. 11323. Third Dist. Jan. 26, 1967.]

GALE GALLENTINE, Plaintiff and Appellant, v. L. A. RICHARDSON, Defendant and Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein, Albert Levy and David J. McKeown for Plaintiff and Appellant.

Mitchell & Henderson, R. G. Dedekam and Michael Hill for Defendant and Respondent.

REGAN, J.—Plaintiff, while on a deer hunt with defendant near Elko, Nevada, received a gunshot wound and brought suit to recover for injury. A jury, by a 9-3 vote, awarded damages against defendant in the sum of $522.60, the exact amount of the special damages stipulated by the parties. Plaintiff appeals from that portion of the judgment assessing damages on the grounds of inadequacy thereof.

The award of damages by the jury's verdict was inadequate. Plaintiff suffered a demonstrated injury as a result of defendant's negligence in firing his rifle in the direction of plaintiff, the bullet striking him in the right flank in the area of the right kidney. Plaintiff's subsequent actions no doubt influenced the trial jury in the verdict it rendered. Plaintiff told the foreman of the ranch where the shooting took place that he suffered the injury in a fall; he was treated by the application of a sulfa bandage and shortly thereafter, although in pain and suffering from nausea, went on a short hunting trip; he left by auto with defendant for his home in Chico, California, taking a turn at the driving, and arrived home approximately 10 hours later; he was then driven by his wife to a doctor who administered a tetanus shot and placed plaintiff in a hospital, where he underwent surgery. Plaintiff was a hospital patient for three days, then confined to his bed at home for approximately one week. The resulting scar from the wound is three-quarters of an inch in width and two and three-quarters inches in length. Plaintiff testified the wound took five to six months to heal and that the healed wound bothered him while lifting and bending and that he could not sleep on his right side. The only medical witness—plaintiff's surgeon—testified that the wound is completely healed over but is covered by a growth of scar tissue, which could be removed by surgery at a cost of approximately $250. There is no conflict of evidence regarding any of the foregoing.

Plaintiff now seeks a new trial confined to the issue of damages, and maintains that the award is so inadequate that the evidence does not justify it.

 Generally speaking, a judgment will be reversed on the grounds that the damages are inadequate only where the award is found to be inadequate on a fair consideration of the evidence. (2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 448, p. 1642.)

 "If the liability is undisputed or clear, the reversal may be for a limited new trial on the issue of damages. But where the evidence of liability is so doubtful or sharply conflicting as to indicate a compromise verdict, the reversal will be general." (*Id.*, p. 1643; and see *Clifford* v. *Ruocco*, 39 Cal.2d 327, 329 [246 P.2d 651].)

"Most of the decisions in which awards which seem inadequate are upheld involve insufficient or conflicting evidence on the elements of damage. Following the usual practice, the appellate court accepts the determination of the jury or trial judge." (*Id.*, § 449, p. 1643, and cases collected therein.)

The parties agreed as true that the plaintiff's medical expenses totaled $297.60, and his loss of earnings was $225. We find no part of the verdict represents an award for the detriment suffered by plaintiff through pain, suffering, inconvenience, shock or mental suffering.

The record supports the implied finding of the jury that the defendant was negligent and that the medical expenses and loss of earnings were reasonable and necessary by reason of the negligence of the defendant. Defendant does not seriously dispute the extent of plaintiff's injuries, nor does defendant seriously or successfully contend that the expenses incurred were not proximately caused by the gunshot wound. Defendant attempted to but failed to prove plaintiff's actions aggravated his injuries and thereby increased his damages.

Section 3333 of the Civil Code provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." By this section of the Civil Code, plaintiff is entitled to damages which will compensate him for all the detriment proximately caused by the negligence of the defendant. (*Eggink* v. *Robertson*, 191 Cal.App.2d 496, 502 [13 Cal.Rptr. 76].) "Damages must, in all cases, be reasonable, . . ." (Civ. Code, § 3359.)

It is true as stated in *Mudrick* v. *Market Street Ry. Co.*, 11 Cal.2d 724, 735 [81 P.2d 950, 118 A.L.R. 533], and quoted in *Eggink* v. *Robertson, supra,* 191 Cal.App.2d at page 502, that: ■ " 'While the law furnishes no accurate means of measuring damages in personal injury cases, the rule is well established respecting the power and duty of an appellate court in considering that subject and has been stated as follows: ''The amount of damages in such cases is committed first to the sound discretion of the jury, and next to the discretion of the judge of the trial court, who, in ruling upon the motion for a new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it is not just. Upon appeal, the decision of the trial court and jury on the subject cannot be set aside unless the verdict is 'so plainly and outrageously excessive as to suggest, at first blush, passion or prejudice or corruption on the part of the jury.' [Citing cases.]'' ' ''

■ The duty of the appellate court to set aside the verdict of the trial court is the same where damage is proven as a proximate result of defendant's negligence, the exact amount of plaintiff's special damages are awarded, and no award is made for the detriment suffered through pain, suffering, inconvenience, shock or mental suffering. In such situation we hold an award limited strictly to the special damages is inadequate as a matter of law.

When a verdict has been returned for the exact amount of special damages in a case where substantial general damages were obviously incurred, and where a strong case of negligence has been made, a denial of a new trial by the trial court must be held an abuse of discretion and a judgment on a verdict in an insufficient amount may not be affirmed. (*Bencich* v. *Market Street Ry. Co.*, 20 Cal.App.2d 518 [67 P.2d 398]; see also *Crowe* v. *Sacks*, 44 Cal.2d 590 [283 P.2d 689]; *Clifford* v. *Ruocco, supra,* 39 Cal.2d 327; *Rose* v. *Melody Lane,* 39 Cal.2d 481 [247 P.2d 335]; *Weiskopf* v. *Smith,* 44 Cal.App. 2d 438 [112 P.2d 665].) We find this to be such a case. It is not a case like *Miller* v. *San Diego Gas & Electric Co.*, 212 Cal.App.2d 555 [28 Cal.Rptr. 126], where it can be said either that evidence of negligence is meager [or of contributory negligence, strong] or that evidence of general damages is minimal. Although defendant suggests that plaintiff may have aggravated his wounds by his initial indifference to their existence, there is no proof of aggravation. The proof is to the

contrary. This case is similar to the *Bencich* case, *supra.* The facts above need not be repeated to illustrate this point.

As in *Bencich* plaintiff has requested a new trial upon the issue of damages alone. In *Bencich, supra,* it is stated (on pp. 528-529) : ". . . A limited new trial should not be granted, where substantial justice requires that a new trial, if granted at all, should cover all the issues. (*Donnatin* v. *Union Hardware & Metal Co., supra,* [38 Cal.App. 8 (175 P. 26, 177 P. 845)] at p. 12.) The verdict of the jury which found, in effect, that defendants were guilty of negligence and that plaintiff was free from contributory negligence and yet allowed damages which were grossly inadequate, furnishes convincing proof as said in the *Donnatin* case, *supra,* page 11, 'that in order to reach an agreement, the verdict was the result of unwarranted concessions of convictions made by each of two opposing factions of the jury, one of which conscientiously believed that defendant should prevail in the action and the other equally conscientious in the opinion the plaintiff should recover damages commensurate with the injuries sustained. It is apparent, we think, that those jurors entertaining the opinion that defendant was not guilty of the negligence charged' (or, in our case, the additional issue that plaintiff was guilty of contributory negligence), 'nevertheless agreed to surrender their views in consideration of other jurors consenting to the trifling award made. . . . It would work a grave injustice upon defendant to force it to a new trial of the issue as to damages only, with the issue as to liability, upon which no verdict other than in name had been rendered, forever closed against inquiry.' '' That statement applies in the instant case.

Judgment is reversed for a new trial on all issues.

Pierce, P. J., concurred.