[Civ. No. 31590. Second Dist., Div. One. July 14, 1967.]

CLINTON J. HASKINS, Plaintiff and Appellant, v. GEORGE HOLMES, Defendant and Respondent.

Richard M. Hawkins for Plaintiff and Appellant.

Virginia Allen for Defendant and Respondent.

LILLIE, J.—Plaintiff sued for damages ($100,000 general, $25,000 punitive, costs incurred for medical care, loss of wages and costs of suit) for personal injuries arising out of an assault and battery. The cause was tried to the court sitting without a jury. The facts as they appear in the findings show that on December 13, 1963, defendant struck, assaulted and attacked plaintiff causing severe personal injuries to his head and face requiring medical care and surgical attention. Judgment was entered in favor of plaintiff against defendant for $1,000. Plaintiff's motion for new trial on the ground that as a matter of law the damages awarded were grossly inadequate was denied; he appeals from the judgment.

The appeal is on the clerk's transcript. In the material outside of the formal judgment roll in the record are all exhibits introduced into evidence at the trial—group of photographs (Exh. 1); hospital (Exh. 2), anesthesiology (Exh. 3) and doctor (Exh. 4) bills; surgical report (Exh. 5); letter from Dr. Shapiro dated June 8, 1964 (Exh. 6); St. Francis Hospital records (Exh. 7); certified copies of municipal court minutes (Exh. A) and copy of police report (Exh. B). Inasmuch as there is before us no transcript of the oral proceedings in the trial court, there is here no question of the sufficiency of the evidence to support the findings. (*Estate of Larson,* 92 Cal.App.2d 267, 269 [206 P.2d 852]; *Rodriguez* v. *Barnett,* 52 Cal.2d 154, 161 [338 P.2d 907].) The evidence is conclusively presumed to be sufficient to sustain the findings of fact. (*Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [166 P.2d 350]; *Gin S. Chow* v. *City of Santa Barbara,* 217 Cal. 673, 680 [22 P.2d 5].) The only issue before this court is whether as a matter of law the damages are inadequate.

The trial court found, by specific reference to the complaint, that defendant did wantonly and unlawfully assault and strike, and carelessly and negligently attack plaintiff without probable cause, thereby "causing him severe personal injuries" (Findings of Fact I [Par. III, First Cause of Action; Par. II, Second Cause of Action]); that "plaintiff suffered personal injuries and sustained medical expenses as follows:

| | |
|---|---|
| 1. Dr. Lawrence Shapiro | $362.00 |
| 2. Eye doctor (name unknown) | 12.00 |
| 3. St. Francis Hospital | 427.37 |
| 4. Dr. Petras, anesthesiologist | 110.00 |
| Total | $911.37 |

which total of $911.37 was actual medical expenses incurred" (Findings of Fact II); and "that plaintiff sustained personal injuries to his head and face consisting of fractures to the cheek and jaw bones causing a depressed cheekbone which necessarily required surgery for relief from the effects of the fractures" (Findings of Fact V). The trial court specifically found against defendant on the issues of self-defense and contributory negligence. (Findings of Fact VI.) Predicated on the above, the trial court concluded that defendant committed an assault and battery on plaintiff; "that plaintiff suffered general and special damages and personal injuries as a result of said assault and battery"; and that "plaintiff was damaged in the sum of $1,000 as a result of the personal injuries and general and special damages herein sustained."

On the issue of damages it is established that plaintiff sustained severe personal injuries consisting of fractures to the cheek and jaw bones necessarily requiring surgery, and special damages by way of medical, surgical and hospital expenses actually incurred. Having expressly found the special damages to be $911.37 and concluded that plaintiff was damaged in the sum of $1,000 as the result of personal injuries and general and special damages, the trial judge necessarily awarded but $88.63 for personal injuries and general damages.[1] Poorly drawn, the findings of fact

[1]The "personal injuries" and "general damages" found by the trial judge to have been sustained by plaintiff are reflected in the exhibits before this court. They demonstrate the severity of the injuries to plaintiff's head and face, the pain, physical discomfort, suffering, shock and inconvenience which inevitably accompany such injuries and the surgery required to bring relief therefrom. Immediately after the assault and battery, plaintiff complained to Sergeant Thomas, Lynwood Police Department, that he was "badly hurt about the left side of his face" (Exh. B); photographs of plaintiff (Exh. 1) show the left eye completely closed and discoloration and swelling of the left cheek and jaw. The hospital records (Exh. 7) describe plaintiff's condition upon entering St. Francis Hospital as injury to left cheek, a dropped eyelid, discoloration of the left eye, a locked jaw (inability to open the mouth), facial deformity and swelling of the left side of the face. Dr. Shapiro reported plaintiff's injuries as fracture of the zygomatic bone with orbital and maxillary fractures concomitant and distortion of the face (Exh. 6). X-rays and a review of the facial bony vault under anesthetic disclosed great facial distortion, a depression of the cheekbone under the left eye, plaintiff's jaw locked into position and his inability to open his mouth more than a few centimeters and the anterior face of the maxillary sinus smashed with blood and bloody granulation tissue (Exh. 5). Dr. Shapiro described plaintiff as having sustained "extensive facial injuries" requiring surgical intervention (Exh. 6). On December 17, 1963, surgery was performed in the hospital while plaintiff was under general anesthesia. Incision was made down the bone over the fracture and the bone was repositioned, considerable drilling was done and wire and catgut

contain no express finding that as a result of plaintiff's injuries he suffered pain, physical discomfort, shock or inconvenience to his general damage, yet the trial judge specifically concluded that plaintiff suffered personal injuries and general damage as a result of defendant's assault and battery and therefor made an award. Thus a finding on general damage, consistent with the conclusions of law and the judgment rendered thereon, necessarily results by implication from the express findings that plaintiff sustained severe personal injuries, i.e., fractured cheek and jaw bones causing a depressed cheek bone necessarily requiring surgery, and special damage for hospital, surgical and medical care in the sum of $911.37. (*Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593]; *Gross* v. *Needham,* 184 Cal.App.2d 446, 456 [7 Cal.Rptr. 664].)

The majority of cases in which it is urged that the damages are inadequate involve a jury award and/or order on plaintiff's motion for new trial, and a determination of the issue of adequacy by the appellate court on a review of the evidence in the record before it. Those in which the award is upheld involve insufficient or conflicting evidence on the elements of damage. (*Sassano* v. *Roullard,* 27 Cal.App.2d 372, 374 [81 P.2d 213]; *Gersick* v. *Shilling,* 97 Cal.App.2d 641, 645 [218 P.2d 583]; *Lemere* v. *Safeway Stores, Inc.,* 102 Cal.App.2d 712, 715 [228 P.2d 296]; *Frampton* v. *Stoloff,* 142 Cal.App.2d 175, 176 [298 P.2d 10]; *Miller* v. *San Diego Gas & Elec. Co.,* 212 Cal.App.2d 555, 558 [28 Cal.Rptr. 126].) ▮ The appellate courts follow the rule that the determination of the element of damages to be awarded as compensation for personal injuries is a matter within the province of the jury and will not be disturbed unless an abuse of discretion clearly appears (*Gersick* v. *Shilling,* 97 Cal.App.2d 641, 645 [218 P.2d 583]; *Reznick* v. *Hillman-Sidney Auto Sales,* 216 Cal. App.2d 569, 575 [30 Cal.Rptr. 889]), or the award is found to be inadequate on a fair consideration of the evidence (*Bencich* v. *Market St. Ry. Co.,* 20 Cal.App.2d 518, 521 [67 P.2d 398]; *Peri* v. *Culley,* 119 Cal.App. 117, 120-121 [6 P.2d 86]; *Amore* v. *Di Resta,* 125 Cal.App. 410, 413 [13 P.2d 986]; *Bauman* v. *City & County of San Francisco,* 42 Cal.App.2d 144, 160 [108 P.2d 989]; *Weiskopf* v. *Smith,* 44 Cal.App.2d 438, 440 [112 P.2d 665]; *Wilson* v. *City & County of San Francisco,* 106 Cal.App.2d 440, 445 [235 P.2d 81]; *Hall* v. *Murphy,* 187 Cal.App.2d 296, 298 [9 Cal.Rptr. 547]), or the facts

---

sutures were placed to hold the cheek and jaw into position (Exhs. 5, 7). Plaintiff was discharged from the hospital December 21, 1963 (Exh. 2),

before the appellate court suggest passion, prejudice or corruption on the part of the jury, or where the evidence demonstrates that the award is insufficient as a matter of law. (*Gersick* v. *Shilling*, 97 Cal.App.2d 641, 645 [218 P.2d 583]; *Sassano* v. *Roullard*, 27 Cal.App.2d 372, 373-374 [81 P.2d 213]; *Lemere* v. *Safeway Stores, Inc.*, 102 Cal.App.2d 712, 715 [228 P.2d 296]; *Frampton* v. *Stoloff*, 142 Cal.App.2d 175, 176 [298 P.2d 18].) ■ But, "this rule [of appellate review] is not universal and . . . in cases such as this [award of special damages, $1,876.21; general damages, $523.79] the appellate court may use common sense and the long line of authorities which hold that inadequate damages may be such as to shock the conscience and to require a reappraisal." (*Buniger* v. *Buniger*, 249 Cal.App.2d 50, 54 [57 Cal.Rptr. 1].)

The instant case differs procedurally in several respects from the ordinary case in which initially the damage issue has been resolved by a jury and then by the trial judge in denying plaintiff's motion for a new trial, and in which the appellate court bases its determination of adequacy on a fair consideration of the evidence. ■ First, our review is of the trial judge's determination in both instances; however, the same rule of appellate review applies to a case wherein the trial judge sits as the trier of fact without a jury. (*Knight* v. *Fitch*, 22 Cal.App.2d 252, 254 [70 P.2d 976].) Second, inasmuch as this is an appeal on the clerk's transcript we are limited in our consideration to the facts established by the trial judge's findings of fact. These facts, for purposes of appellate review, are undisputed and presumed to be sufficient to sustain the findings, no challenge thereto having been made—thus, there is no issue either of defendant's liability or of damage suffered by plaintiff. If then, we are to disturb the award, it must be on the theory that the uncontradicted facts before us demonstrate that it is insufficient as a matter of law. Factually established by the findings are the nature and extent of the injuries for which surgery was required. and the special damages consisting of necessary medical, surgical and hospital expenses actually incurred in the sum of $911.37. Thus, $88.63 represents an award for general damages—the detriment suffered by plaintiff through pain, physical discomfort, shock and inconvenience as a result of fractured cheek and jaw bones causing a depressed cheek bone which necessarily required surgery for relief from the fractures, and medical and hospital care. If the injuries were sufficiently "severe" (as found by the trial judge [Finding I]) as to

require the surgical, medical and hospital care in the amount found (Finding II), it is patently obvious that necessarily and inevitably accompanying such injuries, surgery and medical and hospital care were substantial pain, suffering, shock and inconvenience. Common sense and fairness dictate that the amount awarded for personal injuries and general damage ($88.63) is so small compared to the nature and extent of the injuries sustained that it falls within the category of no damages at all. (See *Reznick* v. *Hillman-Sidney Auto Sales*, 216 Cal.App.2d 569, 574 [30 Cal.Rptr. 889].) Thus, third, the instant case falls into that class of cases in which the award was for the amount of special damages only allowing nothing for pain and suffering.

Under section 3333, Civil Code, plaintiff is entitled to damages which will compensate him for all detriment proximately caused by defendant's tortious acts; and under section 3359 damages must, in all cases, be reasonable. There are few cases in which appellate courts have found damages to be inadequate as a matter of law. An award for the exact amount of, or even less than, the medical expenses is not necessarily inadequate as a matter of law, because in the majority of cases there is conflict on a variety of factual issues—whether plaintiff received any substantial injury or suffered any substantial pain, or whether the medical treatment was actually given or given as a result of the injuries, or reasonable or necessary. (*Miller* v. *San Diego Gas & Elec. Co.*, 212 Cal.App. 2d 555, 558 [28 Cal.Rptr. 126].) However, a judgment for no more than actual medical expenses may be set aside for an abuse of discretion (*Crowe* v. *Sacks*, 44 Cal.2d 590, 598 [283 P.2d 689]; *Rose* v. *Melody Lane*, 39 Cal.2d 481, 489 [247 P.2d 335]; *Weiskopf* v. *Smith*, 44 Cal.App.2d 438, 440 [112 P.2d 665]) or "where the uncontradicted evidence demonstrates that the award is insufficient as a matter of law." (*Gersick* v. *Shilling*, 97 Cal.App.2d 641, 645 [218 P.2d 583]; *Clifford* v. *Ruocco*, 39 Cal.2d 327, 329 [246 P.2d 651]; *Miller* v. *San Diego Gas & Elec. Co.*, 212 Cal.App.2d 555, 558 [28 Cal.Rptr. 126]; *Sills* v. *Soto*, 124 Cal.App.2d 539, 544 [269 P.2d 98].) "However, in our opinion, the record in the instant action establishes that the award herein, which does not even cover the amount of the hospital and medical expenses necessarily incurred or *allow anything for the pain and suffering which inevitably accompany this type of injury,* is inadequate as a matter of law. (*Clifford* v. *Ruocco*, 39 Cal.2d 327, 329 [246 P.2d 651].)" (Italics added.) (*Thomp-*

*son* v. *Mattucci,* 223 Cal.App.2d 208, 210-211 [35 Cal.Rptr. 741]; *Reznick* v. *Hillman-Sidney Auto Sales,* 216 Cal.App.2d 569, 574 [30 Cal.Rptr. 889].) In *Gallentine* v. *Richardson,* 248 Cal.App.2d 152 [56 Cal.Rptr. 237], the judgment based on a jury verdict for the exact amount of special damages was reversed on the ground that under circumstances where substantial general damages were obviously incurred an award limited to special damages is inadequate as a matter of law. Recognizing the rules of appellate review relative to setting aside an award of damages in a personal injury action, the court said at page 155: "The duty of the appellate court to set aside the verdict of the trial court is the same where damage is proven as a proximate result of defendant's negligence, the exact amount of plaintiff's special damages are awarded, and no award is made for the detriment suffered through pain, suffering, inconvenience, shock or mental suffering. *In such situation we hold an award limited strictly to the special damages is inadequate as a matter of law.*

"When a verdict has been returned for the exact amount of special damages in a case where substantial general damages were obviously incurred, and where a strong case of negligence has been made, a denial of a new trial by the trial court must be held an abuse of discretion and a judgment on a verdict in an insufficient amount may not be affirmed. [Citations.] We find this to be such a case. It is not a case like *Miller* v. *San Diego Gas & Elec. Co.,* 212 Cal.App.2d 555 [28 Cal.Rptr. 126], where it can be said either that evidence of negligence is meager [or of contributory negligence, strong] or that evidence of general damages is minimal." (Italics added.)

The facts found by the trial judge, here undisputed, establish that the nominal award of $88.63 in effect allows nothing for the pain, suffering and inconvenience which inevitably accompany the type of injuries and surgery involved. Inasmuch as it is obvious from the findings alone that substantial general damage was incurred, and in light of the trial judge's express conclusion that plaintiff did suffer "general damage" as a result of defendant's acts, we can only conclude as a matter of law that the award is inadequate, and the denial of a new trial on the issue of damages was an abuse of the trial court's discretion. (*Clifford* v. *Ruocco,* 39 Cal.2d 327, 329 [246 P.2d 651]; *Thompson* v. *Mattucci,* 223 Cal.App.2d 208, 210-211 [35 Cal.Rptr. 741]; *Gallentine* v.

*Richardson*, 248 Cal.App.2d 152, 155 [56 Cal.Rptr. 237].)

There being no issue of defendant's liability for his acts of assault and battery, the trial court's findings and conclusions thereon not having been challenged, we find no reason to retry the issue of liability. Thus, the judgment is reversed and the cause remanded for a new trial solely on the issue of the amount of damages, and the trial court is directed to render judgment in favor of plaintiff for the amount of damages so found upon a determination of that issue.

Wood, P. J., and Fourt, J., concurred.