Filed 5/17/13  Gomez v. City of Los Angeles CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| CARLOS GOMEZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B238765<br><br>(Los Angeles County<br>Super. Ct. No. BC442777) |

APPEAL from a judgment of the Superior Court of Los Angeles County.
Barbara Scheper, Judge.  Affirmed in part, reversed in part, and remanded.

Tamborelli Law Group, John V. Tamborelli for Plaintiff and Appellant.

Carmen A. Trutanich, City Attorney, Amy Jo Field, Deputy City Attorney for
Defendants and Respondents.

_____

A jury awarded plaintiff Carlos Raymond Gomez $180,000, the stipulated amount of his past medical expenses, in this negligence action against the City of Los Angeles (the "City") based on an automobile accident involving plaintiff and an LAPD cruiser. No damages were awarded, however, for plaintiff's past pain and suffering, or for future medical expenses or future pain and suffering. Plaintiff relies on a line of cases including *Dodson v. J. Pacific, Inc.* (2007) 154 Cal.App.4th 931 to argue that, in a case such as this where the plaintiff incurs substantial medical expenses as a result of the defendant's negligence, the jury's failure to award any damages for pain and suffering renders the judgment inadequate as a matter of law. We agree, and so reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's car was hit by an LAPD cruiser as it ran a red light in August of 2008. Weeks before the automobile accident, plaintiff had suffered a fall in Cancun, Mexico.

The parties stipulated that, from August 19, 2008 until the date of trial, plaintiff had paid $180,000 for medical care and treatment, which included a craniotomy, blood patches, and the insertion of needles, screws and plates in his head. Defendant did not controvert plaintiff's contention that he experienced severe pain both before and after the surgery. Plaintiff maintained that all of the medical expenses were a result of the car accident, while the City argued that the treatments were predominantly due to a pre-existing condition caused by his fall in Cancun.

As noted above, the jury awarded plaintiff all of his stipulated past medical expenses, but returned a special verdict awarding no damages for future medical expenses or past or future pain and suffering. Plaintiff moved for a new trial, arguing that the judgment was inadequate as a matter of law because it awarded no damages for past and future pain and suffering and for future medical expenses. At the hearing on the motion, the trial court first announced its tentative decision: "[I]t is clear from the jury's verdict that they were holding the City responsible for the harm caused to [plaintiff] as a result of the accident, which the City stipulated they were at fault for. [¶] . . . [T]he evidence was also clear that [plaintiff] indeed did suffer pain and suffering as a result of

2

the accident from the surgery and thereafter." On the issue of future medical expenses, the court cited the evidence that plaintiff's doctor was optimistic that no additional surgery would be necessary, and stated that "the jury was within its purview to determine that either future actual medical expenses were too speculative or they could not determine they were going to be reasonable or necessary."

At the hearing on the motion for new trial, the City stated: "The primary issue in this entire trial was not did the defendant undergo a craniotomy, it was to what degree did the City's actions – was the City's negligence a cause of the craniotomy or was the plaintiff by his pre-existing condition just delaying the inevitable." The City further argued that the fact that the jury awarded plaintiff all of his past medical expenses did not mean that the jury rejected the City's position that the surgery was due to plaintiff's pre-existing condition and not the result of the City's negligence. The City Attorney argued at the hearing: "We think that the jury by providing the $180,000 was basically, for lack of a better phrase, throwing the plaintiff a bone to say, 'Listen, we don't think it is connected. However, we think it might be fair to award an amount of $180,000 so he is not sitting on these bills after trial.'"

At the conclusion of the hearing, the trial court stated, "The court will adopt its tentative ruling as the ruling of the court. So the ruling will be that the motion for new trial is granted insofar as the issue of past non-economic loss only. [¶] In the alternative, the court will deny the motion for new trial on condition that the defendant accept an additur of $375,000 for past pain and suffering only. The verdict will stand and the motion will be denied as to future both economic and non-economic losses." The court then scheduled a hearing for January 20, 2012 to learn whether the City would accept the additur, and if not, to schedule the new trial.

At the January 20 hearing, counsel acknowledged that the trial court's ruling on plaintiff's motion for new trial was not memorialized in the minute order of the prior hearing, and agreed that the court had lost jurisdiction to rule on the motion resulting in

3

denial of the motion by operation of law.[1]  While the court felt that its hands were tied, it urged the City Attorney to resolve the matter without requiring plaintiff to file an appeal. The court addressed the City Attorney as follows:  "I think you will be back here, and I am sorry to say I feel this smacks a bit of gamesmanship.  I just don't know if this is a good use of the city's time and money to do – spend money on an appeal when I think that the jury's result in this is reversible for the absence of any damages for pain and suffering."

Plaintiff appeals the judgment, contending that it is inadequate as a matter of law.[2]

DISCUSSION

As the trial court recognized, a long line of California cases have held that a verdict which awards the plaintiff economic damages for the extensive medical treatment required due to the defendant's negligence but which awards no, or nominal, damages for pain and suffering is inadequate as a matter of law.  (See, e.g., *Clifford v. Ruocco* (1952) 39 Cal.2d 327, 329; *Capelouto v. Kaiser Foundation Hospitals* (1972) 7 Cal.3d 889, 892;

---

[1] If the moving party has not been served with a Notice of Entry of Judgment, then "the power of the court to rule on a motion for a new trial shall expire . . . 60 days after filing of the first notice of intention to move for a new trial.  If such motion is not determined within said period of 60 days, . . . the effect shall be a denial of the motion without further order of the court.  A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk."  (Code Civ. Proc., § 660.)  Here, plaintiff filed his Notice of Intent to Move for New Trial on November 1, 2011.  Thus, the 60-day period to rule on the motion expired in early January 2012, approximately a week after the hearing on the motion.

[2] The City contends that plaintiff appealed not the judgment, but the denial of his motion for new trial, a non-appealable order.  The argument is frivolous.  Plaintiff's notice of appeal states that he "appeals from the following judgment or order in this case, which was entered on November 22, 2011."  Although the box labeled "Judgment after jury trial" was not checked, plaintiff's intention to appeal the judgment entered on the jury's verdict, that is, the only judgment or order entered on November 22, 2011, is beyond debate.

4

*Haskins v. Holmes* (1967) 252 Cal.App.2d 580, 585.)  The principle has been recently explicated in *Dodson v. J. Pacific, Inc., supra,* 154 Cal.App.4th 931 (*Dodson*).

In *Dodson,* the plaintiff was injured while the defendant's employees were loading large pieces of scrap metal onto his truck.  The plaintiff did not immediately seek medical attention, but soon had x-rays taken and received heat treatments.  He continued to be in pain, and fell on two subsequent occasions.  After the latter fall, the plaintiff underwent tests which revealed that he had arthritis in the neck, a ruptured disk, a compressed and bruised spinal cord, among other things.  Surgery was performed to remove the herniated disk and arthritic joints, and a metallic plate was inserted.  Thereafter, the plaintiff experienced substantial pain in his arms, knees, neck and back, and a loss of equilibrium, requiring him to use a cane to walk.

In the ensuing lawsuit, the plaintiff's treating physician testified to his opinion that the original accident caused a spinal cord injury which resulted in weakness in the plaintiff's limbs, which weakness led to his subsequent falls.  The defendant's experts opined that the degenerative state of the plaintiff's spinal cord was due to constant rubbing, not to a single trauma.  They refuted the plaintiff's evidence that the accident caused an injury to the spinal cord by noting that "if it had been an acute process on [the date of the accident], it would have been associated with very significant neck pain" requiring immediate medical intervention.

The plaintiff sought economic damages consisting of a hospital bill for the surgery of $12,101; the surgeon's bill of $1,800; a paramedic bill of $457; and over $10,000 in bills for physical therapy.

The jury returned a special verdict finding that the defendant's negligence caused the plaintiff's injury, and calculated his economic damages to be $16,679, and his non-economic damages at zero.  The jury also found that the plaintiff's negligence contributed to his injuries, and awarded him damages of $8,339.50, or 50 percent of his economic damages.

The plaintiff sought a new trial on the sole issue of non-economic damages or, in the alternative, an additur in the amount of $150,000.  The trial court denied the motion,

5

which ruling was reversed on appeal to our colleagues in Division Eight of this District Court of Appeal.

The *Dodson* court started its discussion by noting the many cases holding that jury awards which fail to compensate for pain and suffering are inadequate as a matter of law. (*Dodson*, *supra*, at p. 936, citing *Haskins v. Holmes, supra,* 252 Cal.App.2d at pp. 585-586 [award insufficient where plaintiff sustained severe head injuries necessarily requiring surgery, but the trial judge awarded only $88.63 in excess of the plaintiff's actual medical expenses, in effect "allowing nothing for pain and suffering;" it was "patently obvious" that "substantial pain, suffering, shock and inconvenience" necessarily and inevitably accompanied the injuries]; *Clifford v. Ruocco, supra,* 39 Cal.2d at pp. 328-329 [damage award inadequate where economic injuries alone exceeded the jury award and the plaintiff, injured in a car accident, spent 24 days in the hospital where she developed a painful infection and underwent an unsuccessful surgery]; *Buniger v. Buniger* (1967) 249 Cal.App.2d 50, 53-54 [damage award was "such as to shock the conscience and to require a reappraisal" where plaintiff underwent surgery and a 31-day hospital stay]; *Gallentine v. Richardson* (1967) 248 Cal.App.2d 152, 153, 155 [denial of new trial an abuse of discretion where jury awarded no damages for pain and suffering to injured plaintiff who was hospitalized for three days, confined to bed at home for a week and not fully healed for five to six months]; *Bencich v. Market S. R. Co.* (1937) 20 Cal.App.2d 518, 521-522 [verdict "grossly inadequate" where plaintiff suffered badly crushed foot, was hospitalized for six months, had part of foot amputated, and had multiple skin grafts].) The court cautioned, however, that "an award that does not account for pain and suffering is 'not necessarily inadequate as a matter of law' (*Haskins*, at p. 586), and that '[e]very case depends upon the facts involved' (*Miller v. San Diego Gas & Elec. Co.* (1963) 212 Cal.App.2d 555, 558 (*Miller*))."

The *Dodson* court stated the rule gleaned from the foregoing opinions thus: "Cases finding an award inadequate for failure to account for pain and suffering 'involve[] situations where the right to recover was established and . . . there was also proof that the medical expenses were incurred because of defendant's negligent act.'

6

(*Miller, supra,* 212 Cal.App.2d at p. 558.) In such situations, *Miller* concluded, '[i]t is of course clear that . . . a judgment for no more than the actual medical expenses occasioned by the tort would be inadequate.' (*Ibid.*) On the other hand, a verdict may properly be rendered for an amount less than or equal to medical expenses in cases where, 'even though liability be established, a jury may conclude that medical expenses paid were not occasioned by the fault of the defendants.'" (*Dodson*, *supra*, at p. 937.)

The City contends that this is just such a case. In the trial court, the City speculated that the award of plaintiff's medical expenses was a gift.[3] On appeal, the City argues that, "[w]ithout a record, this Court must presume that the jury found that Appellant's medical expenses were not occasioned by the fault of the City and that the injuries Appellant suffered from the accident were minimal at best." The argument lacks merit.

The jury was instructed with CACI No. 3927 (Aggravation of Preexisting Condition or Disability) as follows: "Carlos Gomez is not entitled to damages for any physical or emotional condition that he had before City of Los Angeles/Eric Williams's conduct occurred. However, if Carlos Gomez had a physical or emotional condition that was made worse by City of Los Angeles/Eric Williams's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition."

In the face of the jury's determination that the City's negligence was a substantial factor in causing harm to plaintiff, and awarding him all of his $180,000 in medical expenses, the City's contention that "this Court must presume that the jury found that Appellant's medical expenses were not occasioned by the fault of the City and that the injuries Appellant suffered from the accident were minimal at best" is curious, to say the least.

---

[3] "We think that the jury by providing the $180,000 was basically, for lack of a better phrase, throwing the plaintiff a bone to say, 'Listen, we don't think it is connected. However, we think it might be fair to award an amount of $180,000 so he is not sitting on these bills after trial.'"

The appellate record establishes that plaintiff incurred $180,000 in medical expenses. The record further demonstrates that the jury determined that the City's negligence harmed the plaintiff, and that the medical expenses which plaintiff incurred were the result of the City's negligence, were reasonable, and were fair compensation for his economic damages. Contrary to the City's argument, we are not free to presume that the jury did not mean what it said, or that it disregarded the instructions given by the court. (*Hoyt v. Southern Pac. Co.* (1935) 6 Cal.App.2d 49, 53.)

The question before us on this appeal is whether, applying the rule of *Dodson* and *Miller*, we can determine that the judgment was inadequate as a matter of law.[4] Here, it is clear from the jury's verdict both that the plaintiff established his right to recover from the City, and that plaintiff's medical expenses were incurred as a result of the City's negligence (*Miller, supra,* 212 Cal.App.2d at p. 558.) As *Miller* instructs, in such situations, "[i]t is of course clear that . . . a judgment for no more than the actual medical expenses occasioned by the tort would be inadequate." (*Ibid.*)

While we conclude that the judgment is inadequate for failure to award damages for past pain and suffering, we cannot say the same with respect to the jury's failure to award future economic and noneconomic damages. As the trial court explained during the hearing on plaintiff's motion for new trial, the plaintiff's doctor was optimistic that no additional surgery would be necessary, and stated that "the jury was within its purview to determine that either future actual medical expenses were too speculative or they could not determine they were going to be reasonable or necessary." We note as well that the holdings in *Dodson* and its predecessors are limited to claims of damages for past pain and suffering.

---

[4] For this reason, we reject the City's contention that the judgment must be affirmed because the appellate record does not contain the complete Reporter's Transcript of the trial proceedings. As the court in *Haskins v. Holmes, supra,* 252 Cal.App.2d 580 explained, when the plaintiff's injuries are so severe as to require surgery, medical and hospital care in a substantial amount, here $180,000, "it is patently obvious that necessarily and inevitably accompanying such injuries, surgery and medical and hospital care were substantial pain, suffering, shock and inconvenience." (*Id*. at pp. 585-586.)

DISPOSITION

The judgment is reversed to the extent that it awards no damages for plaintiff's past pain and suffering; in all other respects, it is affirmed. The matter is remanded to the trial court for a new trial to determine plaintiff's damages for past pain and suffering. The City is to bear the costs of appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ARMSTRONG, J.


I concur:


MOSK, J.

9

TURNER, P.J.

I respectfully dissent.

Plaintiff, Carlos Gomez, has failed to provide a complete record of the trial. According to the superior court docket, the jury was sworn on October 12, 2102. Trial was conducted on October 13, 14, 17, 18, 19, and 20. Partial transcripts of the some of the testimony on October 13, 14, 17, and 18 have been provided. Those transcripts, which consist solely of medical testimony, indicate other witnesses testified for both sides during the trial. Throughout those exhibits are liberal references to exhibits, none of which have been provided.

Defendants, the City of Los Angeles and Eric Craig Williams, contend that the record is insufficient to permit adequate appellate review. I agree. In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]*; Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc., Bd.*

1

(1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].)  On this ground alone, I would affirm the judgment in its entirety.



TURNER, P.J.



2