Filed 8/10/21  Stevenson v. Farmers Ins. Exchange CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TERESA STEVENSON,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>    Defendant and Appellant. | A156727, A159373<br><br>(San Mateo County<br>Super. Ct. No. CIV535684) |
| TERESA STEVENSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>    Defendant and Respondent. | A159269<br><br>(San Mateo County<br>Super. Ct. No. CIV535684) |

Plaintiff Teresa Stevenson was injured and incurred medical expenses when she slipped and fell outside a hotel.  Farmers Insurance Exchange[1] (Farmers) provided insurance for the hotel's owner, with a policy that included not only liability insurance but general coverage for medical

---

[1] Farmers Insurance Exchange was erroneously named in this action as Farmers Insurance Group.

1

expenses.  In this action, Stevenson alleged Farmers breached its contract and failed to disclose the existence of the medical expense coverage in breach of the covenant of good faith and fair dealing.  Shortly after she filed this lawsuit, Farmers paid her the policy limits.  A jury found that Farmers unreasonably failed to disclose the coverage, that Stevenson was entitled to prejudgment interest for the delay in payment, and that she was not entitled to damages for emotional distress or punitive damages.

In these consolidated appeals, Stevenson contends the trial court erred in striking the jury's award of prejudgment interest, in denying her request for attorney fees under *Brandt v. Superior Court* (1985) 37 Cal.3d 813 (*Brandt*), and in not granting a new trial on the issue of noneconomic damages.  Farmers, in turn, contends the trial court abused its discretion when it granted Stevenson's motion to tax costs and denied its motion for reconsideration of the ruling.  We agree with Stevenson that the trial court erred in striking the prejudgment interest award and that she is entitled to further proceedings on the question of *Brandt* fees, but we reject her claim that she is entitled to noneconomic damages as a matter of law.  Because we reverse the judgment on this basis, the cost award necessarily falls as well.

## FACTUAL AND PROCEDURAL BACKGROUND

Before filing the action now before us, Stevenson sued MAC Hospitality, Inc. (MAC) and B&K Partnership (B&K), entities Farmers insured, for her injuries (the personal injury action), and Farmers's legal office handled the defense.  It appears Farmers was not aware of Stevenson's injury before it received notice of the personal injury action.  The claims adjuster assigned to work on the matter, Teresa Pignolet, testified that under the standard policy, medical coverage claims must be made within one year, and Stevenson made her claim more than one year after her injury.  Pignolet

2

did not notice that the policy at issue had an endorsement setting medical expense coverage at $2,500 and allowing a claim to be made up to three years after the injury, and as a result she did not disclose the coverage.

During discovery in the personal injury action, Farmers responded on MAC's behalf to form interrogatories and document requests in a manner that might charitably be described as misleading. A form interrogatory asked whether there was any insurance policy through which MAC "might be insured in any manner," expressly including "medical expense coverage" for the damages alleged. Yet attorney Andrew Lauderdale signed a response disclosing only a commercial general liability insurance policy issued by Farmers, with no mention of the separate medical expense coverage. His partner on the case, Rick Pedersen, made clear this was no accidental omission, refusing in deposition testimony even to "accede to the basic premise that [the interrogatory] encompasses medical pay" coverage. Also, in response to a request for production of documents, Farmers belatedly sent a redacted copy of the declarations page of the policy, striking out any mention of the medical coverage.

Stevenson brought this action against Farmers in October 2015 alleging she was injured in June 2013 on property owned or controlled by MAC and B&K and that she incurred medical bills as a result. The insurance policy issued by Farmers allegedly included coverage for medical bills incurred as a result of injury on the insureds' property, without regard to fault. Nevertheless, according to the complaint, Farmers refused to provide payment for Stevenson's medical expenses. Stevenson asserted causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.

3

Shortly after Stevenson filed the present lawsuit against Farmers, Farmers gave her a check for the $2,500 medical expense coverage policy limits. Pignolet testified she realized after reading the allegations of the complaint that she had made a mistake in not disclosing the medical coverage earlier so Stevenson could receive the benefits to which she was entitled.

On August 9, 2016, Farmers made an offer to compromise under Code of Civil Procedure section 998,[2] offering Stevenson $25,000 if she dismissed the action and executed a general release. Stevenson did not accept the offer.

The case went to trial before a jury. As to the cause of action for breach of contract, questions one through three on the verdict form, the jury found that Stevenson suffered a loss covered under an insurance policy issued by Farmers; that Farmers was notified of the loss; and that Farmers paid Stevenson for her loss. No question in this portion of the verdict form addressed whether Farmers's payment was untimely, but the damages portion of the verdict form addressed that issue.

On the cause of action for breach of the covenant of good faith and fair dealing, questions four through seven, the jury initially returned verdicts finding that Stevenson suffered a covered loss; that Farmers did not reasonably inform her of the applicable medical payments coverage; and that Stevenson was not harmed. The verdict form instructed the jury that if it found Stevenson was not harmed, in answering question six, that it should leave blank question seven, whether Farmers's failure reasonably to inform Stevenson of the applicable medical coverage was a substantial factor in causing her harm.

---

[2] All statutory references are to the Code of Civil Procedure.

4

In the damages section of the verdict form, question eight told the jury that if it answered yes to question three—whether Farmers paid Stevenson for her loss under the policy—it must determine whether Stevenson was entitled to prejudgment interest. The jury filled in dates to award interest from July 28, 2014 to October 23, 2015. Question nine, whether Stevenson was entitled to damages for past or future mental suffering and distress, directed the jury to answer only if it answered yes to question seven (whether Farmers's failure to inform Stevenson of the coverage caused her harm); having left question seven blank, the jury left question nine blank as well. Question 11, whether Stevenson was entitled to punitive damages, stated it applied only if the jury awarded damages in question 9 (noneconomic damages), so the jury left this question blank, too.

Immediately after the jury verdict was read, there was an unreported bench conference, after which the court told the jury: "There would appear to be some inconsistency in the verdict in light of the fact that the jury found that Farmers did not reasonably inform Ms. Stevenson of payment coverage that was applicable to her loss. And further, that she was entitled to prejudgment interest for the period of . . . July 28, 2014, to October 23rd, 2015. [¶] I'm going to ask, in light of that finding—even though the verdict form said if your answer to number six[, whether Stevenson was harmed,] was no and directed you to go on to section three [relating to damages], the fact that you did find that interest is due is damage." The court therefore asked the jury to continue its deliberations and answer question seven (whether Farmers's failure to inform Stevenson of the medical coverage was a substantial factor in causing her harm), question nine (noneconomic damages) and question 11 (punitive damages).

5

The jury did as instructed. It found that Farmers's failure reasonably to inform Stevenson of the medical payments coverage was a substantial factor in causing her harm (question seven); that Stevenson was not entitled to damages for past or future mental suffering, anxiety, humiliation and emotional distress (question nine); and that Stevenson did not prove by clear and convincing evidence that Farmers intentionally acted with malice, oppression, or fraud (question 11). The amended verdict form thus contained an apparent inconsistency: in the cause of action for breach of the covenant of good faith and fair dealing, the jury found *both* that Stevenson was not harmed (question six) *and* that Farmers's failure to inform her of the medical payments coverage was a substantial factor in causing her harm. The record discloses no mention at the hearing of this discrepancy.

Stevenson moved for a new trial asserting, as pertinent here, that as a matter of law she was entitled to noneconomic damages for Farmers's bad faith withholding of the insurance payment. The trial court denied the motion.

Stevenson also moved for attorney fees and costs, contending she was entitled to the amounts she incurred to obtain the benefits to which she was entitled under the insurance policy because Farmers withheld them in bad faith. (*Brandt*, *supra*, 37 Cal.3d 813.) The trial court denied the motion on the ground the jury found that Stevenson had not established all elements of her bad faith cause of action, specifically, that Stevenson was not harmed by Farmers's bad faith. In addition, the trial court struck, sua sponte, the jury award of prejudgment interest in the amount of $310, concluding that plaintiff did not establish defendant's bad faith for purposes of her tort claim and that prejudgment interest for breach of contract is not a question for a

6

jury; thus, according to the court, any jury award of prejudgment interest was made in error. Stevenson has appealed from the ensuing judgment.

As we discuss in more detail below, Farmers submitted a memorandum of costs that included expert witness fees. Stevenson moved to tax costs, and the trial court granted her motion. The trial court denied Farmers's motion for reconsideration of the order. Farmers has appealed from the orders granting Stevenson's motion to tax costs and denying Farmers's motion for reconsideration.

## DISCUSSION

### I. Stevenson's Appeal

### A. Prejudgment Interest

We must first decide whether the trial court erred in striking the award of prejudgment interest. A close examination of the instructions and the verdict form persuades us that the award should have been allowed to stand.

As we have explained, the jury's verdict as finally rendered found, in connection with the cause of action for breach of the covenant of good faith and fair dealing, both that Stevenson was not harmed and that Farmers's failure reasonably to inform her of the applicable coverage was a substantial factor in causing her harm.

Where a party does not object to an ambiguous verdict before the jury is discharged, "it falls to 'the trial judge to interpret the verdict from its language considered in connection with the pleadings, evidence and instructions,'" as well as counsel's argument to the jury. (*Woodcock v. Fontana Scaffolding & Equipment Co.* (1968) 69 Cal.2d 452, 456 (*Woodcock*); *Fuller v. Department of Transportation* (2019) 38 Cal.App.5th 1034, 1038 (*Fuller*).) As our colleagues in Division One of this court have explained, "[g]eneral and special verdicts are deemed inconsistent when they are

7

'beyond possibility of reconciliation under any possible application of the evidence and instructions.' [Citations.] 'If any conclusions could be drawn thereunder which would explain the apparent conflict, the jury will be deemed to have drawn them.' [Citation.] Where the jury's findings are so inconsistent that they are incapable of being reconciled and it is impossible to tell how a material issue is determined, the decision is ' "against law" ' within the meaning of Code of Civil Procedure section 657." (*Oxford v. Foster Wheeler LLC* (2009) 177 Cal.App.4th 700, 716 (*Oxford*).)

"Where the trial judge does not interpret the verdict or interprets it erroneously, an appellate court will interpret the verdict if it is possible to give a correct interpretation. [Citations.] If the verdict is hopelessly ambiguous, a reversal is required," at least in relevant part. (*Woodcock*, *supra*, 69 Cal.2d at p. 457; accord, *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 881.) The appellate court reviews the special verdict de novo. (*Fuller*, *supra*, 38 Cal.App.5th at p. 1038; *Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 358.)

Review of the instructions and the arguments of counsel readily clarifies the facial inconsistency in the jury's findings that Stevenson was not harmed (question six) and that Farmers's failure reasonably to inform her of the applicable medical coverage was a substantial factor in causing her harm (question seven). In his closing argument, Stevenson's counsel argued that Stevenson was harmed both by the delay in payment and by emotional distress. The court, in its initial instructions summarizing the damages Stevenson claimed, told the jury, "Ms. Stevenson claims mental suffering, anxiety, and emotional distress." The court did *not* tell the jury that interest awarded as compensation for Farmers's failure timely to pay on the policy

constituted damages. Instead, the court instructed that if the jury awarded damages for past economic loss it would have to decide whether to award prejudgment interest on such damages, then gave the jury a verdict form that framed the award for Farmers's delay in payment on the policy as an award of prejudgment interest.

In the damages section of the verdict form, the jury found Stevenson was entitled to prejudgment interest for Farmer's 15-month delay in payment (question eight). Although the jury was told to answer this question if it found Farmers had paid Stevenson for her loss under the policy for purposes of the contract cause of action (question three), there is no basis to conclude that the financial harm caused by the delay was relevant only to the contract claim. And, although the jury initially found in question six that Stevenson was not harmed for purposes of the cause of action for breach of the covenant of good faith and fair dealing, the trial court then instructed it explicitly— which it had not done before—that a delay in payment entitling Stevenson to prejudgment interest meant Stevenson had suffered damage for purposes of the tort cause of action. The court directed the jury to resume deliberating and decide whether Farmers's failure reasonably to inform Stevenson of the applicable coverage was a substantial factor in causing her harm (question seven), which the jury then answered in the affirmative. The jury was told only to answer the questions it had previously left blank; it therefore had no occasion to reconsider its initial answer to question six—whether Stevenson was harmed—in light of the new instruction that delay in payment constituted harm. The finding that Farmers's failure to inform Stevenson of the coverage was a substantial factor in causing her harm, combined with the finding that Farmers owed her interest for the 15-month period of delay and with both findings viewed in light of the changing instructions, makes clear

9

that, when more fully instructed, the jury concluded Stevenson in fact *was* harmed by Farmers's breach of its covenant of good faith and fair dealing.

Farmers argues (and the trial court concluded) that the jury's initial finding that Stevenson was not harmed should control the result here. But such a result runs squarely against the rule that we cannot choose between inconsistent special verdicts (*Oxford*, *supra*, 177 Cal.App.4th at p. 716), because it would require us to ignore the finding that Farmers's action was a substantial factor in causing her harm. In contrast, our conclusion is not a choice between inconsistent findings, but rather an interpretation of the verdict in light of the instructions to conclude the jury, when more fully instructed, found that Stevenson in fact suffered harm in the form of the delay in payment, although not in the form of mental suffering and emotional distress.

Defendants argue that Stevenson may not challenge the trial court's interpretation because she failed to seek clarification of the verdict before the jury was discharged. We reject this contention. Although "failure to object to the form of a verdict before the jury is discharged" may waive the defect, "[w]aiver is not found where the record indicates that the failure to object was not the result of a desire to reap a 'technical advantage' or engage in a 'litigious strategy.' " (*Woodcock*, *supra*, 69 Cal.2d at p. 456, fn. 2; see *Keener v. Jeld-Wen*, *Inc.* (2009) 46 Cal.4th 247, 270 [discussing "*Woodcock's* articulated exception to the waiver (forfeiture) rule for *ambiguous* verdicts"].) Nothing suggests Stevenson engaged in gamesmanship in failing to seek clarification of the verdict before the jury was dismissed.

We conclude, therefore, that, properly interpreted, the special verdict shows the jury found Stevenson established all the elements of her cause of action for breach of the covenant of good faith and fair dealing, including

10

damages in the form of loss of use of her money while Farmers delayed payment. The basis upon which the trial court struck the award of prejudgment interest—that prejudgment interest on an award for breach of contract is not a matter for the jury—was therefore invalid. The trial court erred in striking the award.

## B. *Brandt* Fees

This conclusion is also dispositive of Stevenson's contention that the trial court erred in denying her request for *Brandt* fees. Although under California law the parties to a lawsuit normally each pay their own attorney fees (*Trope v. Katz* (1995) 11 Cal.4th 274, 278; § 1021), an exception exists in insurance bad faith cases. Under this exception, "if an insurer fails to act fairly and in good faith when discharging its responsibilities concerning an insurance contract, such breach may result in tort liability for proximately caused damages. Those damages can include the insured's cost to hire an attorney to vindicate the insured's legal rights under the insurance policy. 'When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. The attorney's fees are an economic loss—damages—proximately caused by the tort.' " (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 806, quoting *Brandt, supra*, 37 Cal.3d at p. 817.)

The trial court denied Stevenson's motion for *Brandt* fees solely on the ground she did not prevail in her cause of action for breach of the covenant of good faith and fair dealing. But we have just concluded that the jury in fact found that she *did* establish that cause of action. In the circumstances, we must remand for further proceedings on Stevenson's entitlement to *Brandt* fees. It will be for the trial court, in the first instance, to determine what fees

11

Stevenson was reasonably compelled to incur in order to prompt Farmers to pay on its policy, but we note that the amount may not exceed "the amount attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract." (*Brandt, supra*, 37 Cal.3d at pp. 817, 819; see also *Cassim v. Allstate Ins. Co., supra*, 33 Cal.4th at p. 807.)

### C. Noneconomic Damages

As we have explained, the jury awarded Stevenson no damages for mental suffering, anxiety, humiliation, and emotional distress. Stevenson contended in her motion for a new trial that the lack of an award of noneconomic damages rendered the award inadequate as a matter of law. The trial court denied the motion. Stevenson contends the trial court erred in denying her request for a new trial on this issue.

Section 657 authorizes a trial court to grant a new trial for inadequate damages, but only if, "after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a different verdict or decision." Stevenson contends the jury's award was inadequate as a matter of law because the uncontroverted evidence shows she suffered annoyance and inconvenience. (*Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 73.) We may not disturb the verdict unless the amount of the award is not supported by substantial evidence or it is a clear abuse of the jury's discretion. (*Ibid.*)

In her opening brief, in a section devoid of citation to legal authority, Stevenson points to her testimony that she knew the attorney who signed the form interrogatories on Farmers's attorney's behalf and respected him, and that she was "disappointed, disillusioned" when she learned he had omitted the medical expense coverage from the response. She also testified that, rather than being "the biggest problem in [her] life," it was an annoyance;

12

that although she had "no money to spare," she was able to pay her bills even after paying her out-of-pocket medical expenses; and that, by the time she found out about the omission, part of the personal injury action had settled and the "financial pressure was off."  She "just thought they shouldn't be doing this to people."  This evidence, Stevenson contends, entitled her to at least nominal damages.

In her reply brief, Stevenson for the first time cites legal authority for her contention.  Each of the cases upon which she relies is distinguishable from this one however, because the cases involve physical and serious injuries suffered by a plaintiff.  The court in *Gallentine v. Richardson* (1967) 248 Cal.App.2d 152, 153–155, for instance, found inadequate a verdict awarding no damages for the pain and suffering of a plaintiff who received a gunshot wound that led to him suffering pain and nausea, undergoing surgery, remaining in a hospital for three days, being confined to his bed for a week thereafter, sustaining a scar, and remaining in discomfort from his wound for several months.  (See also *Dodson v. J. Pacific, Inc.* (2007) 154 Cal.App.4th 931, 938 [plaintiff who "undergoes a serious surgical procedure . . . must necessarily have endured at least some pain and suffering, and a damage award concluding otherwise is therefore inadequate as a matter of law"].)  In *Clifford v. Ruocco* (1952) 39 Cal.2d 327, 328–329, a jury awarded only $1,500 to a plaintiff who suffered injuries in an automobile accident that included a scalp laceration and bruises to her side and leg, a painful infection that had to be drained, loss of the full use of the leg after the treatment led to adhesions, an unsuccessful operation to remove the adhesions, a second infection, and continued pain up to the time of trial; moreover, the plaintiff's economic damages alone exceeded the amount of the jury award.  In those circumstances, the damages were held to be inadequate as a matter of law.

13

(*Id*. at p. 329.) And in *Smith v. Covell* (1980) 100 Cal.App.3d 947, one plaintiff suffered physical injury while a second, her husband, suffered loss of consortium; the jury awarded the wife $10,000 and the husband nothing. (*Id*. at p. 951.) The appellate court found the award to the husband inadequate as a matter of law because there was "uncontroverted evidence of a loss of consortium." (*Id*. at p. 956.)

None of these authorities persuades us an award that did not include noneconomic damages was inadequate here. There is no evidence Farmers's actions caused Stevenson any physical harm, and Stevenson's counsel acknowledged to the jury that the "vast majority of her emotional distress was related to the physical injury, not to what happened here." Stevenson's testimony that she was disappointed, disillusioned, and annoyed rises to nowhere near the same level as the suffering endured by the plaintiffs in the cases upon which Stevenson relies, and it certainly does not compel an award for mental suffering, anxiety, humiliation and emotional distress.

## II. Farmers's Appeal

Before trial, Farmers made a statutory offer to compromise the action for $25,000 under section 998, which allows a prevailing defendant who has made a reasonable, good faith offer to compromise to recover costs if the plaintiff rejects the offer and fails to obtain a more favorable judgment. (§ 998, subd. (c)(1); *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 134.) Explaining that Farmers had not yet provided substantive discovery responses, Stevenson did not accept the offer.

After trial, Farmers submitted a memorandum of costs that included $82,427 in expert witness fees. Stevenson moved to tax Farmers's costs, contending expert costs were not recoverable because Farmers's section 998 offer was invalid.

14

Due to a clerical error on the trial court's part, the motion was calendared for the same date in two different departments, both of which issued tentative rulings the day before the hearing:  Department 25's directed the parties to appear, and Department 1's denied Stevenson's motion both as untimely and on the merits.  Farmers's counsel, who saw only Department 1's tentative ruling, appeared in Department 1, where she was told she prevailed, while Stevenson's counsel appeared in Department 25.  In Department 25 the court allowed Stevenson's counsel to argue the motion, then granted it in part because "by virtue of the defense not even bothering to appear today, it strikes me that they are conceding" the invalidity of the 998 offer.  Farmers moved for reconsideration two days later, explaining the scheduling snafu, but the trial court denied the motion for reconsideration.  Farmers has appealed from the orders granting the motion to tax costs and the motion for reconsideration and from the resulting amended judgment.

At oral argument, Farmers conceded that, if we reverse the judgment based on Stevenson's appeal—and we do—its appeals are moot.  We agree. " 'An order awarding costs falls with a reversal of the judgment on which it is based.'  . . . After reversal of a judgment 'the matter of trial costs [is] set at large.' " (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284; accord, *Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 314.)  Thus, the cost orders and amended judgment must also be reversed.  (See *Merced County Taxpayers' Assn v. Cardella* (1990) 218 Cal.App.3d 396, 402.)  If Farmers again seeks costs on remand, any motion to tax those costs must be considered with no weight given to either of the conflicting rulings on Stevenson's motion to tax costs.  We express no view on the validity of Farmer's section 998 offer.

15

## DISPOSITION

The judgment is reversed. The orders granting Stevenson's motion to tax costs and denying Farmers's motion for reconsideration are reversed. The matter is remanded for further proceedings consistent with the views expressed in this opinion. Stevenson shall recover her costs on appeal.


TUCHER, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

*Stevenson v. Farmers* (A156727, A159269, A159373)

16